JAMES M. RODGERS *et al.*, plaintiffs in error, *vs.* M. HAMILTON, survivor, defendant in error.

Where a planter contracted a debt with a factor for provisions to make his crop, and gave a lien on his crop for the payment thereof, and of any attorney's fees for the enforcement thereof, and no action was taken to enforce the lien, but only a suit for the debt, claiming such fees as due for such suit:

*Held,* That the lien for attorney's fees was not a good lien, under the Act of 1866, authorizing liens to secure the payment of money due for provisions, etc., and that such fees are not recoverable in a suit at law for the debt.

Factor's lien.    Attorney's fees.    Before Judge CLARK. Sumter Superior Court.    October Adjourned Term, 1872.

J. F. & M. Hamilton brought complaint against James M. Rodgers as maker, and Adams, Washburn & Company as indorsers, for the sum of $592 30, besides interest, and $40 00 as counsel fees, on the following instrument:

"$592 30.        AMERICUS, GEORGIA, March 4th, 1870.

"On November 1st, next, I promise to pay to Adams, Washburn & Company, or bearer, $592 30, for value received, as an advance on my crop of cotton of the present year, raised in the county of Sumter, State of Georgia, said advance being for the purpose of enabling me to make said

crop, and I do hereby give them, or bearer, a lien on my said crop to secure said advance, and any other advance made me during the year; and I also agree to deliver to them, or bearer, at Savannah, enough of said cotton crop to pay this note at its maturity, binding, also, hereby my crop of corn and my stock of all kinds for the full and punctual performance of the above obligation, and for the payment of all costs and counsel fees, if any are incurred in the premises, and giving them hereby a full and legal control of the same, with power to transfer this lien by delivery.

(Signed)                "JAMES M. RODGERS.

"Indorsed: ADAMS, WASHBURN & COMPANY.

  "Credit of $244 80."


The defendants pleaded the general issue, part payment and failure of consideration.

Pending the litigation, the death of J. F. Hamilton was suggested, and the suit was ordered to proceed in the name of M. Hamilton, as survivor.

The defendants moved to dismiss the plaintiff's declaration so far as it claimed attorney's fees. The motion was over-ruled, and defendants excepted.

The plaintiffs introduced in evidence the instrument sued on, and the admission of defendants that $40 00 was a reasonable charge for counsel fees.

The Court charged the jury as follows: "Well, gentlemen, on the production of the note by the plaintiff, and in the absence of proof by the defendants, it is your duty to find for the plaintiffs."

The jury returned a verdict for the plaintiffs for the principal, interest and counsel fees sued for, less the credit entered on the written obligation.

The defendants moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in refusing to dismiss the plaintiff's declaration so far as the claim for counsel fees was concerned.

2d. Because the Court erred in the aforesaid charge.

3d. Because the verdict was contrary to the law and the evidence.

The motion was overruled, and defendants excepted upon each of the aforesaid grounds.

HAWKINS & GUERRY, by PHIL. COOK, for plaintiffs in error.

B. P. HOLLIS ; ALLEN FORT, for defendant.

McCAY, Judge.

Upon' a fair construction of the contract sued on, we are of opinion that the agreement to pay counsel fees was a part, not of the contract to pay the money, but of the contract that the plaintiffs should have a lien on the crop. *This* seems never to have been enforced, and so far as counsel fees are concerned, is not a good lien under the Act of 1866. That confines the lien to provisions and commercial manures. We think, therefore, the plaintiff had no right to recover the fees for the present suit. But though we reverse the judgment we shall direct the Court not to grant a new trial if the plaintiff will write off from the verdict the amount of said fees.

Judgment reversed.