Saulsbury, Respess & Company *vs.* Eason *et al.*

---

SAULSBURY, RESPESS & COMPANY, plaintiffs in error, *vs.*
S. E. EASON, defendant in error.

SAULSBURY, RESPESS & COMPANY, plaintiffs in error, *vs.*
JACOB M. GAY, defendant in error.

SAULSBURY, RESPESS & COMPANY, plaintiffs in error, *vs.*
ROBERT BURTON, defendant in error.

(These cases, involving the same principles, were argued and decided together.)

(MONTGOMERY, Judge, was providentially prevented from presiding.)

The lien given by the Act of 1866 to merchants and factors upon growing crops for provisions and commercial manures furnished, does not extend to a case where a lien is claimed for money advanced, with which the planter is to purchase provisions and commercial supplies; and a note given for money, which upon its face recites that the money is to be used to purchase provisions, does not create a debt securable by the lien provided for by said Act.

Factor's lien. Before Judge CLARK. Schley Superior Court. October Term, 1872.

Saulsbury, Respess & Company foreclosed against S. E. Eason, Jacob M. Gay and Robert Burton, three separate factors' and merchants' liens, varying in amount and date, but all in the same terms as the following:

"$233 60.                    MACON, GA., March 31st, 1871.

"Seven months after date please pay to the order of E. D. Eason two hundred and thirty-three dollars and sixty cents, for value received, as an advance on my crop to be raised the present year, (including your commissions for the same,) for the purchase of provisions to make said crop. And I hereby give you a lien (with authority to transfer the same) on said crop, including cotton, corn and whatever else may be produced on my plantation the present year, and also upon my stock of all kinds, and upon the farming utensils employed and used on said plantation. And I agree to deliver to you at your warehouse before the maturity of this draft a sufficiency of cotton to pay this draft, which cotton you are authorized to sell at your discretion for that purpose. If I fail to pay this draft punctually at its maturity, it is to bear interest from its date, and I agree to pay all costs and counsel fees incurred in its collection. As an inducement to you to accept this draft, I state that I am not indebted to any other person or persons for like advances, and will not become so indebted without your written consent, and further that I own in my own right, free from incumbrances of any kind, property to the value of $ ......, and my indebtedness, apart from advances made by you, does not exceed $ ......

(Signed)                          "S. E. EASON.
" To *Saulsbury, Respess & Company*,
                          "Macon, Georgia.
"Indorsed: E. D. EASON, JOHN S. EASON."

The defendants filed counter-affidavits and replevied the property levied on.

Upon the trial, the Court, over the objection of plaintiffs' counsel, admitted testimony to show that said liens were not given for provisions, but for money, and plaintiffs excepted.

The Court refused to allow the plaintiffs to show that the money which was the consideration of said liens, was advanced by the plaintiffs as factors and merchants, for the purpose of enabling the defendants to purchase provisions to make their crops, and that the money was so used, to which ruling plaintiffs excepted.

The Court charged the jury, "that if the plaintiffs furnished the defendants with provisions to make their crops, they should find for the plaintiffs, and that if the plaintiffs furnished the defendants with money, no lien attached, and they should find for the defendants." To which charge plaintiffs excepted.

The Court refused to charge the jury as requested by counsel for plaintiffs, "that if the plaintiffs furnished the defendants with money to purchase provisions to enable them to make their crops, and the defendant so used the money and the provisions for the purpose of making the said crops, and were thus enabled to make their crops, they should find for the plaintiffs," and plaintiffs excepted.

The jury in each case returned a verdict for the defendant. The plaintiffs assign error upon each of the aforesaid grounds of exception.

HAWKINS & GUERRY, for plaintiffs in error.

W. A. HAWKINS; C. T. GOODE; C. F. CRISP, for defendants.

McCAY, Judge.

The Act of 1866 (pamphlet 1866, 141,) gives this lien "to factors and merchants for provisions and commercial manures furnished." What right has a Court to say that this law extends also to money advanced to purchase provisions and commercial manures? Had the Legislature so intended, it would have so said. These liens are of a very summary character—

hard on the man who gives them and very partial to a particular class of creditors. We are not disposed to extend them beyond their letter. This note upon its face is for money, and it does not appear that the consideration was anything but money. That the plaintiff's money went into the defendant's crop may be a very good reason why defendant should pay it, but it is no reason why plaintiff should have a lien on the crop above other creditors, whose money went into it also, but who did not happen to be merchants or factors, or whose money was spent by the planter for other necessary purposes than provisions or commercial manures.

Judgment affirmed.