Dart, trustee, *vs* Mayhew & Co.

## DART, trustee, *vs.* MAYHEW & Co.

[This case was argued at the last term and the decision reserved.]

Creditors furnishing money to saw-mills have no lien thereon under the acts of 1868 and 1873, and the Code, section 1985; and the judgment foreclosing the same should have been vacated and set aside on proper motion made therefor.

Lien. Judgments. Before Judge HARRIS. Glynn Superior Court. June Term, 1877.

Reported in the opinion.

W. J. WILLIAMS, by HOKE SMITH, for plaintiff in error.

GOODYEAR & HARRIS, for defendants.

JACKSON, Judge.

This was a motion made by Dart, as trustee for divers *cestui qui trusts*, to set aside a judgment foreclosing a lien upon a steam saw-mill. The lien was for money loaned and advanced to purchase provisions and timber for the use of the saw-mill; and one of the questions made is whether, under the act of 1868, (Code, §1985,) the creditors who loaned the money have any lien upon the saw-mill. Other questions are made touching the mode of foreclosure, and the power of the trustee so to contract as to give a lien, but the view which we take of the point under consideration dispenses with the necessity of ruling the others, as it controls the case.

By an examination of the various sections of our Code, it will be seen that section 1978, which gives a lien to factors, merchants, etc., etc., upon crops for advances, is the only section in which the word "*money*" occurs. The other sections giving other liens leave out that word, and confine the lien to articles actually furnished, or to labor rendered, or something of the sort. The section which codifies the

Dart, trustee, *vs.* Mayhew & Co.

act of 1868, page 135, is in these words : " All persons furnishing saw-mills with timber, logs, provisions, or any other thing necessary to carry on the work of saw-mills, shall have liens on said mills and their products."

These lien laws are all derogatory to common right; they all give an immediate and harsh remedy, and are all to be construed strictly.

While, therefore, money is necessary, in one sense, to carry on the work of a saw-mill, by buying the things necessary for that work, still it is not primarily the thing necessary. It buys what is used to carry it on from others. The people who actually furnish the timber, or provisions, or other things necessary, have the lien ; the money-lender does not. If it had been the intention of the legislature to give such a lien, money would have been included under its own name, and not under the general words, " or any other thing necessary." The fact that "*money*" is expressly mentioned in section 1978, in regard to factors and merchants' liens on crops, and left out of §1985, in the case of saw-mills, strengthens this position ; and the position becomes still stronger when we note the additional fact that "*other articles of necessity*" are words used in §1978, though "money" be in the section, just as "any other thing necessary" are used in section 1985.

In 49 *Ga.*, 604, it was held that an attorney's fee, though stipulated for in the lien, could not be collected, though that was a factor's lien, and the suit was on the note and not to foreclose the lien ; and though "money" had then been included in the liens of factors—so strictly have these acts been construed.

This view is strengthened still more when we remember that the act of 1866, which first gave a lien to factors, etc., etc., did not have the word "money" in it, (see Irwin's Code, §1977, and acts of 1866, p. 141) ; and when the act of 1873 was passed, embracing most of the liens created by law, the lien of factors etc., on growing crops and the saw-mill liens included, the word "money" was added to

the factors' lien on crops, and left out of the provision on saw-mills still. See acts of 1873, p. 42. And there is little doubt, perhaps, that this addition of the word "money" to the lien of factors for advances was superinduced by the decision of this court in *Saulsbury, Respess & Co., vs. Eason and others,* in 47 *Ga.,* 617. However that may be, the cases, three of them, last cited from the 47 *Ga.,* rule this case. There it was held that "the lien given by the act of 1866 to merchants and factors upon growing crops for provisions and commercial manures furnished, does not extend to a case where a lien is claimed for money advanced, with which the planter is to purchase provisions and commercial supplies; and a note given for money, which upon its face recites that the money is to be used to purchase provisions, does not create a debt securable by the lien provided for by said act." The court there says: "These liens are of a very summary character—hard on the man who gives them, and very partial to a particular class of creditors. We are not disposed to extend them beyond their letter." The principle there decided rules this case.

Inasmuch as the court below overruled the motion to set aside this judgment of foreclosure on this saw-mill for *money,* we reverse the judgment and direct that the judgment of foreclosure be set aside and annulled.

Judgment reversed.