CRANSTON & ALEXANDER *v.* ROGERS. and *vice versa.*

The purchase price of property consumed in its use, such as corn, fodder, etc., is not rent, and cannot be collected by distress. If such price be included in a distress warrant for a gross sum which is contested by affidavit, and evidence is not adduced at the trial which would enable the jury to ascertain how much of the debt is really for rent, a nonsuit may be awarded.

November 25, 1889.

Distress warrant. Rent. Contracts. Nonsuit. Evidence. Landlord and tenant. Practice. Before Judge LUMPKIN. Hancock superior court. April term, 1889.

Reported in the decision.

T. L. REESE and R. H. LEWIS, by brief, for plaintiffs.

J. T. JORDAN and WHITFIELD & ALLEN, by HARRISON & PEEPLES, for defendant.

BLECKLEY, Chief Justice.

By written contract which was executed between Morris and Rogers, signed by both parties, the latter promised to pay the former 15,000 pounds of middling lint-cotton, packed in merchantable bales, the consideration being that Morris was to furnish Rogers a certain prescribed plantation, six mules, certain implements and utensils, a steam-engine, a cotton-gin, a packing-screw, and 4,000 pounds of fodder, 1,000 pounds of peas, 65 bushels of corn, 1,000 bushels of cotton-seed, 6 tons of commercial fertilizer and 2,500 pounds of side meat. The contract was made on the 2d of January, 1888, and was to remain in force, unless otherwise terminated according to its provisions, until the 1st of January thereafter. On the same day Rogers executed three notes, the first for 2,500 pounds of middling lint-cotton, packed in merchantable order, due on or before the 15th of September, 1888; the second for 5,000 pounds, due on or before the 1st of October, 1888; the third for 7,000 pounds, due on or before the 1st of

November, 1888. Each of these notes was payable to Morris or order. Two of them specified that they were given in "part pay," and the third "balance pay of the contract of the day and year above written." By endorsement upon each note, without date, Morris transferred the same to Cranston & Alexander. After all the notes became due, to-wit, on the 29th of November, 1888, Cranston & Alexander sued out a distress warrant for the alleged value of the cotton (15,000 lbs., $1,350), alleging in the affidavit that Rogers was justly indebted to them in that sum, besides interest, for the rent of the plantation (describing it) and claiming both a special lien on the crop raised on the land during the year, and a general lien on all the other property of Rogers. The warrant was levied on the crop, or a portion of it, and Rogers filed his affidavit denying that the sum distrained for was due. At the trial of the issue thus formed, the contract and the notes being in evidence, and the value of the cotton being proved, but no evidence being introduced to show the value of the plantation for rent either with or without the mules, implements, utensils, engine, cotton-gin, screw, etc., and no evidence being introduced to show the value of the fodder, peas, corn, or cotton-seed, so as to separate the value of these articles from the gross amount claimed for rent, the court granted a nonsuit. There was evidence as to the value of the fertilizer and the meat, and the question is (waiving others that might be considered), whether plaintiffs were entitled to a verdict for anything as rent without proof of the value of the other articles which must have been consumed in the use. It will be noticed that neither the contract nor the notes said anything about rent. There appears to have been no express agreement between the original parties that the purchase of these articles should be treated as renting them. It was not even stipulated that they should

be consumed or used on the plantation or in producing the crop. It is not quite certain that it was intended to establish by the contract the strict relation of landlord and tenant between the parties, for the instrument provides that "the said C. J. Rogers further agrees to advise with the said W. R. Morris as often as said Morris may deem it necessary to promote the interests of both parties, and the said Rogers further agrees that should the said Morris, for reasonable grounds, believe that the said Rogers was not doing his duty as a farmer to his farm, then said Morris to direct the said Rogers' attention to said failure to duty, and should Rogers then fail to comply with said Morris' instructions, then this contract to be null and void, and everything to revert to the said W. R. Morris." This clause rendered Morris the judge as to when and how often he would be consulted, giving him the right to direct Rogers in the performance of his duty, and visited a failure to comply with his instructions with the consequence of terminating the contract.

It is well-established that the use of personalty which could be hired separately and apart from the land, may, if upon the land and used with it, be included in a rent contract, and the payment to be made for the whole treated as rent. *Toler* v. *Seabrook,* 39 *Ga.* 14; *Lathrop* v. *Clewis,* 63 *Ga.* 282; Taylor on L. & T. §§17, 18; McAdam on L. & T. §61; Wood on L. & T. §203. But we are not aware of any case which holds mere supplies, provisions or other property consumed in its use (though on the premises at the time of the demise), as something which could be included in the rent contract, and the price therefor in money or in property of a different sort be treated as rent. Our law, code, §1978, deals with the furnishing of supplies by landlords to their tenants as something apart from rent, and gives a lien therefor, which is to be enforced, not by a distress

warrant, but by foreclosure as pointed out in the statute. Unless we could see that the corn, fodder, etc., were hired, not bought, by Rogers from Morris, we could not hold that in as far as these articles entered into the contract or into the notes, the promise to pay the cotton was a promise to pay rent; and unless we could know how much ought to be deducted from the gross amount for these articles, we could not decide that the court erred in granting a nonsuit; for when it appeared that the whole amount claimed was not for rent, it was incumbent on the plaintiffs to show how much was for rent, which they did not do. As we affirm the judgment in the main case, the cross-bill of exceptions is dismissed.          *Judgment affirmed.*