## JONES *v.* FINDLEY.

1. Attorneys fees, though embraced in a promissory note given for rent, are not collectible by distress warrant, and the surety on a replevy bond growing out of a levy of the distress warrant is not liable for such fees. If they are included in a judgment entered up against him when the issue on the warrant was disposed of, the judgment may be purged of the same on motion, but the whole judgment will not be set aside because of such error as to a part, the judgment showing on its face how much of it was erroneous.
2. Where the result has been reached which was designed and intended by the surety in executing a replevy bond, the judgment thereon will not be set aside for irregularity in treating the bond as accepted, and returning the papers into court for trial of the issue.
3. Where the surety on a replevy bond signed the same, knowing that by reason of a previous claim in respect to which he was surety upon a forthcoming bond given by the claimant, the property would not be delivered to his principal in the replevy bond as a result of giving that bond, the non-delivery of the property will not render the replevy bond invalid. Nor is it material that a portion of the property had been found not subject on the trial of the claim when the replevy bond was given. In order to replevy any of the property levied upon under a distress warrant, a bond covering the whole condemnation money is necessary.
4. A distress warrant cannot be resisted by a set-off which has no connection with the rent contract or the demised premises. But for the plaintiff to pay the set-off debt instead of withholding payment for the benefit of the surety on the replevy bond may entitle the surety to a release from the judgment as to an amount equal to that so paid voluntarily by the creditor.
5. It is no wrong to the surety on a replevy bond for the counsel of his principal to forbear urging a defence which is not available, or to admit the truth as to the genuineness of notes and the consideration for which they were given.

December 4, 1889.

Distress warrants. Attorneys' fees. Principal and surety. Judgments. Bonds. Set-off. Before Judge WELLBORN. Hall superior court. January adjourned term, 1889.

Reported in the decision.

M. L. SMITH and PERRY & DEAN, for plaintiff in error.
W. F. FINDLEY and J. B. ESTES, *contra.*

BLECKLEY, Chief Justice.

Findley sued out a distress warrant against Trammell for rent. It was levied upon certain personal property, to which Mrs. Trammell interposed a claim, giving a forthcoming bond upon which Jones was the security. The claim was tried, and some of the property found subject. Trammell then filed an affidavit under the code, §4083, denying that the rent claimed was due. He executed a replevy bond with Jones as security, and the warrant, affidavit and bond made their appearance in the clerk's office of the superior court. The issue upon the distress warrant was docketed in that court; a trial was had which resulted in a verdict in favor of the landlord, upon which judgment was entered against Trammell and Jones as his security upon the replevy bond. This was done in December, 1888, at the November adjourned term. At the January adjourned term, 1889, Jones moved to vacate and set aside the judgment as to him, on several grounds, all of which the court overruled, and he excepted.

1. Only one of the grounds appeared upon the 'face of the record. This was that the verdict and judgment embraced thirty-two dollars for attorney's fees. The rent claimed was evidenced by promissory notes, and these notes stipulated for the payment of ten per cent. attorney's fees. Had the proceeding been by regular suit and not by distress warrant, these fees would have been recoverable as a part of the debt. But they were not recoverable by distress for rent. The statute (code, §4082) which authorizes a distress warrant to issue, confines the remedy to rent. *Cranston & Alexander* v. *Rogers*, 83 *Ga.* 750. That attorney's fees are not embraced in a statutory lien enforceable by summary process, see *Rodgers* v. *Hamilton*, 49 *Ga.* 604. Jones is not liable for the fees allowed in this case. But as the amount thereof is separable from the balance of the

judgment, this is not cause for setting aside the whole judgment, but only for striking these fees from the same; and this we direct to be done.

2. Turning now to the grounds of the motion *dehors* the record, we think none of these sufficient to support a motion for setting aside the judgment. It appears that Jones was active in procuring the contest to be made by Trammell against the distress warrant. Both he and Trammell intended that the papers executed, including the bond, should be returned to court and become the foundation of an issue and trial. We think it incompetent, after this object was carried out and after the plaintiff in the distress warrant accepted the issue and it was tried and disposed of, to set up by parol evidence that the sheriff did not in fact accept the bond and that, in returning it to the clerk, he qualified his return by oral declarations to the effect that he had not accepted it and it was not to be filed. The use was made of the papers which both Trammell and Jones intended, and we think the case cannot be overthrown after judgment by showing that there was irregularity in the return of the papers before the case was docketed. The plaintiff might have had cause to complain; but if so, he waived it. Both Trammell and Jones, by the use which was made of the papers, got what they wanted, namely, a stay of proceedings on the distress warrant after the claim was disposed of, and a trial upon the merits. At that trial Trammell was represented by counsel, and no exception was taken as to the manner of returning the papers.

3. Nor is there any merit in the position that the property replevied was not surrendered to Trammell at the time the bond was executed and delivered. The property had previously been delivered to the claimant, upon the claim bond on which Jones was security. Jones knew this when the replevy bond was executed,

and the execution of the latter bond operated to release him from the former; because after a replevy bond was given and accepted, the officer ceased to be entitled to have the property forthcoming on the claim bond. The duty of delivery by the claimant and her surety, Jones, was to the defendant, if to anybody. And thus, if the defendant ought to have had the property by reason of executing the replevy bond, it was the duty of Jones and the plaintiff to see that he got it, and not the duty of the sheriff or of the plaintiff in the distress warrant. True it is, that in an ordinary case, when property is replevied, it is turned over by the officer to the defendant. But this was an extraordinary case, one in which the replevy took place whilst the surety on the replevy bond was responsible for the forthcoming of the property, and did not have it forthcoming. His own default on the claim bond cannot be urged by him as a cause of invalidity in the replevy bond. Nor does it matter that some of the property was found not subject upon the trial of the claim case. For in order to replevy any of it, it was necessary to give the bond which was given for the eventual condemnation money. No matter how little property may be levied upon under a distress warrant or how disproportionate it may be to the amount of the rent claimed, in order to replevy it the bond given must be for the whole of the condemnation money.

4. That the set-off claimed by Trammell was not allowed on the trial of the distress warrant but was otherwise settled by the plaintiff and satisfied, did not vitiate the judgment. For the distress warrant or the amount for which it issued was not subject to be reduced by a set-off. *McMahan* v. *Tyson*, 23 *Ga.* 43. It does not appear that the set-off was in any way connected with the rent contract or the demised premises. But it may be that, on the general law of suretyship which requires

a creditor to hold in his hands a fund which he might use for the protection of a surety, Jones may have a right, notwithstanding this judgment, to have the amount of that debt applied in partial payment of it. We do not foreclose that question, but expressly hold it open so that it may be made hereafter in proper manner, not as a cause to set aside the judgment, but as operating in partial discharge of it, so far as this surety is concerned. It seems to us probable that the payment of a debt which the creditor owed the principal was an act injurious to the surety to the extent of the amount of that debt, and as the surety had no opportunity to make the question before judgment was entered up against him, we doubt not it may be still made in some proper way at his instance.

5. It was no wrong to Jones for Trammell's counsel to admit at the trial that the notes were given for rent, if that was true,—and there is no denial of its truth. Nor was there any wrong in not resisting the rendition of a verdict for the amount due, unless there was some legal defence which could have been urged, and none such appears either in the record of that proceeding, or in the parol evidence before us. A consent verdict is as good as any other where it coincides with the real substantial merits of the litigation. The case of *Willis* v. *Bivins*, 76 *Ga.* 745, is quite different from this, and has no application. Trammell's counsel was also competent to admit the execution of the notes if they were genuine, and there is no suggestion either that they were not genuine, or that they were not given for rent.

*Judgment affirmed, with direction.*