### 3869. FOUNTAIN *v.* FOUNTAIN.

While a cropper has a "mortgageable interest" in the crop, this interest
can not be subjected to levy and sale under the mortgage, until the
cropper acquires title, and this he can not do "until there has been an
actual division and settlement" with the landlord.

DECIDED MARCH 6, 1912.

Levy and claim; from city court of Ashburn—J. W. Haygood,
judge pro hac vice. October 18, 1911.

*W. T. Williams, J. A. Comer, A. S. Bussey,* for plaintiff.
*J. H. Tipton,* contra.

POTTLE, J.  The cropper executed a mortgage upon his interest in the growing crops.  To the levy of the mortgage execution the landlord filed a claim.  When the case was here before (7 *Ga. App.* 361, 66 S. E. 1020), the court held that the mortgage was valid and enforceable, and that the landlord could not, even with the cropper's consent, defeat the mortgage by applying the mortgaged property to an indebtedness created for supplies furnished the year before.  At the second trial it was admitted that at the time of the levy the crop mortgaged was ungathered in the field, and no division had been made between the landlord and the cropper.  The plaintiff in fi. fa. offered to show that at the time of the levy the cropper was not indebted to the landlord for supplies or advances.  The judge refused to allow this, and entered up a judgment dismissing the levy.

The exact question thus presented is whether or not the interest of the cropper is subject to levy and sale before the landlord has received his half of the crop, but after he has been paid in full for all supplies and advances furnished by him to the cropper.  The title to the whole of the crop is in the landlord "until there has been an actual division and settlement." *DeLoach* v. *Delk*, 119 *Ga.* 884 (47 S. E. 204) ; *Harley* v. *Davis*, 7 *Ga. App.* 386 (66 S. E. 1102) ; *Taylor* v. *Coney*, 101 *Ga.* 657 (28 S. E. 974) ; Civil Code (1910), § 3707.  The manifest policy of the law is to give the landlord complete control over the crop until he has actually received his portion of the crop and had his lien for supplies and advances paid off in full.  While the cropper has a "mortgageable interest" in the crops, such interest can not be subjected to the mortgage debt until the cropper has acquired title; and this he can not do before a division between himself and the landlord.  The "interest" may ripen into a title, but there can be no levy before it does.  See, in this connection, *Jordan* v. *Jones*, 110 *Ga.* 47 (35 S. E. 151).  If the cropper owes the landlord nothing, there must be some way to protect the creditor.  This court has held that garnishment is not the remedy.  *Thompson* v. *Passmore*, 9 *Ga. App.* 771 (72 S. E. 185).  A division must be made at some time; but if by collusion the landlord and the cropper attempt to defeat the creditor, by refusing to make a division, or otherwise, undoubtedly equity would afford relief.  The case seems to have been submitted to the presiding judge to determine all issues of law and fact.  If so, a

judgment should have been entered finding the property not subject to the mortgage fi. fa., but, as the judgment entered was a final termination of the case in favor of the claimant, and he does not complain, the plaintiff in fi. fa. has not been hurt.

*Judgment affirmed.*