## SMITH COMPANY *v.* AUSTIN COMPANY.

BECK, J. A partial report of the facts of this case is to be found in the case of *Austin Co. v. Smith Co.,* 138 *Ga.* 651 (75 S. E. 1048, 30 Ann. Cas. (1913E) 1042). As will be seen by reference to that case, the plaintiff in error, the defendant in error in the present case, which had filed a cross-petition, relied for its right to recover against the plaintiff, the Smith Co., upon a statement of facts which it insisted constituted a merger between the Smith Co., a Wisconsin corporation, and a certain other corporation known as the Contractors Supply & Equipment Co., an Illinois corporation. Upon review in this court it was held that the facts stated did not constitute a merger, and the judgment

in favor of the Austin Co. was reversed. At the last hearing in the court below the defendant tendered an amendment to its cross-petition, wherein it set up that the Smith Co. had entered into a certain contract with the Contractors Supply & Equipment Co., whereby the former took over substantially all of the assets of the latter company, even to the typewriters, office furniture and fixtures, and paid, not to the Contractors Supply & Equipment Co., but to the stockholders in that company, certain sums of money which went to two of them, and to the others stock in the Smith Co. Nothing was paid to the Supply & Equipment Co. That company had a valid subsisting contract with the Austin Co., the defendant in error here, under the terms of which the former was to pay to the latter a certain percentage of all sales made in a designated territory. T. L. Smith was president of the Smith Co. and also of the Contractors Supply & Equipment Co. The contracts of the Supply & Equipment Co. with the Austin Co. resulted in the creation of a debt from the former to the latter, because of sales which had been made by the Austin Co. of machines designated as the Smith Mixers. With that debt in existence and known to the Smith Co.,—necessarily known because T. L. Smith was president of the Smith Co. as well as of the Contractors Supply & Equipment Co.,—the assets of the latter company were taken over. *Held:*

1. For the Smith Co., knowing of the indebtedness of the Supply Co., to take over substantially all of the assets of that company, thereby rendering the last-named company practically insolvent, was, as a matter of law, a fraud as against the creditors of the Supply Co.; at least, it made the Smith Co. under the circumstances a trustee ex maleficio relatively to the creditors of the Supply Co., to the extent of the value of the assets taken over by the Smith Co.; thereby rendering it liable to a creditor of the Supply Co. for a debt existing at the time of the transfer.

2. The court did not err in overruling the demurrer to the amendment to the cross-petition. This was not open to the objections taken in the demurrer: that it came too late, that it stated a new cause of action, that the relief sought in the amendment could not be granted without making the Contractors Supply & Equipment Co. a party to the case, and that it was without equity to support it. The amended cross-petition stated a cause of action entitling the defendant in error here to the relief sought upon the ground of the fraud charged, which had not been adjudicated in the former decision of this court adversely to the Austin Co.

3. There were no material errors committed in any of the rulings complained of, as to the admission of evidence; and under the issues made in the pleadings and the evidence, a verdict for the defendant in error was demanded, and the court did not err in so directing, no complaint being made, as is recited in the bill of exceptions, as to the amount of the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent, and Lumpkin, J., disqualified.*

                             FEBRUARY 25, 1915.

Trover. Before Judge Pendleton. Fulton superior court. October 25, 1913.

*Westmoreland Brothers,* for plaintiff.

*C. T. & L. C. Hopkins,* for defendant.