## 21030.   Conley *v.* Kelley.

Stephens, J.   1. Where a share cropper has paid his landlord in full for all supplies furnished by the landlord for making the crop, and the landlord has no title to or lien upon the cropper's share of the crop, the title to the cropper's share is in the cropper and he is entitled to receive it.

2. A surety has not, by virtue of the contract of suretyship alone, any right, title, or interest in property which his principal has pledged to a creditor as security for a debt.

3. Where, in consideration of a landlord's delivering to his cropper the latter's proportionate share of the crop, the title to which is in the cropper, and in which the landlord has no right, title, or interest, and also of his delivering to the cropper other property belonging to the cropper in which the landlord has no right, title, or interest, but which has been pledged by the cropper as security for a debt upon which the landlord is surety, and also of the landlord's permitting the cropper to remove all such property from the landlord's premises, a third person promises the landlord to pay the debt of the cropper upon which the landlord is surety, the act of the landlord in delivering the crops and other property to the cropper, and permitting their removal from the premises, constitutes no detriment to the landlord as benefit to the promisor (Civil Code of 1910, § 4242), and therefore furnishes no consideration for the promise made by the third person to the landlord to pay the cropper's debt. *O'Quinn* v. *Carter,* 34 *Ga. App.* 310 (3) (129 S. E. 296).

4. This being a suit by the landlord against the third person who promised to pay the cropper's debt, to recover for a breach of the defendant's al-

leged contractual obligation to pay the debt, and it appearing from the allegations in the petition that the only consideration for the promise was the act of the landlord in permitting the cropper to remove the cropper's share of the crop and other property from the landlord's premises, and it appearing, from the evidence adduced for the plaintiff, that, under the rulings stated in paragraphs 1, 2, and 3 above, the defendant's promise was void and unenforcible for lack of consideration, and that therefore the evidence was insufficient to prove a contract as alleged in the plaintiff's petition, a nonsuit was properly granted. *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 16, 1931.

*W. T. Burkhalter,* for plaintiff. *J. V. Kelley,* for defendant.