# TRAPNELL *v.* SWAINSBORO PRODUCTION CREDIT ASSOCIATION.

No. 17434.   ARGUED APRIL 9, 1951—DECIDED MAY 15, 1951.

*Anderson & Trapnell,* for plaintiff in error.

*Rountree & Rountree,* contra.

DUCKWORTH, Chief Justice. 1. Whenever the circumstances are such that a person taking property, either from fraud or otherwise, can not enjoy the beneficial interest without violating some established principle of equity, the court will declare him a trustee for the person beneficially entitled. Code, § 108-107. This sound principle of equity is applicable in the present case. Here the landlord executed an express waiver of his claims upon the crops involved, and he did that in order to induce the petitioner to extend credit which was necessary to make those crops. Now it is shown that, disregarding his waiver of claims to the crops, he has appropriated to his own use the proceeds of those crops to the loss and injury of this petitioner. In such circumstances he can not be allowed to enjoy the benefits of these crops, since that would violate established principles of equity. The sole object of the petition is to invoke this principle of equity and to claim for the petitioner the rights conferred upon it by the foregoing Code section. In *Smith Co.* v. *Austin Co.,* 143 *Ga.* 254 (84 S. E. 444), this court held that, where a debtor transferred his assets, thereby rendering himself insolvent, it was a fraud on all creditors, and that the transferee was a trustee ex maleficio as to the creditors to the extent of the value of the assets so transferred. This same principle of equity was applied in *Belle Isle* v. *Moore,* 190 *Ga.* 881 (10 S. E. 2d, 923); *Millers National Insurance Co.* v. *Hatcher,* 194 *Ga.* 449 (22 S. E. 2d, 99); *Edwards* v. *United Food Brokers,* 195 *Ga.* 1 (22 S. E. 2d, 812). The creditor here has a bill of sale to the assets that were delivered to the defendant Trapnell, and Trapnell had previously signed a consent that the plaintiff's lien be superior to any claim of his against those assets, thus giving this plaintiff an even stronger case against the transferee than that of *Smith Co.* v. *Austin Co.,* supra. There is nothing to the contrary of what we now rule in *Smith* v. *Pennington,* 192

*Ga.* 478 (15 S. E. 2d, 727), and *Mays v. Perry,* 196 *Ga.* 729 (27 S. E. 2d, 698). Nor was the petition here subject to the attack that there was a misjoinder of parties or causes of action. *Millers National Insurance Co. v. Hatcher,* 194 *Ga.* 449 (3) (supra).

Notwithstanding the absence of any allegation in the petition or answer that shows a relationship of these defendants as landlord and cropper, the brief of counsel for the plaintiff in error contends that the relationship was that of landlord and cropper, and from this premise seeks, by the application of rules of law controlling that relationship, to sustain the contention that the judgments complained of are erroneous. While under Code § 61-502, when the relationship of landlord and cropper exists, title to the crops remains in the landlord until all advances made by him have been paid and there has been a division of the crop, yet it has been held that, if the landlord is unable to make such advances and requests another to do so, the person making the advances has a claim against the crops that will prevail over the landlord's claims or interest therein. *Alexander & Howell v. Glenn,* 39 *Ga.* 1. The Court of Appeals has held that the cropper has a mortgageable interest in such crops, notwithstanding the landlord's title, until certain conditions have been met. *Fountain v. Fountain,* 7 *Ga. App.* 361 (66 S. E. 1020) ; *Fountain v. Fountain,* 10 *Ga. App.* 758 (73 S. E. 1096). That court has further held that the landlord can not make claims against the crop for indebtedness for previous years that will defeat liens of third parties. *Fountain v. Fountain,* 10 *Ga. App.* 758 (supra). See also *Rhodes v. Verdery,* 157 *Ga.* 162, 166 (121 S. E. 221). Where the landlord has been paid for all advances, title to the cropper's share is in him, and he is entitled to receive it. *Conley v. Kelley,* 43 *Ga. App.* 822 (160 S. E. 532). Furthermore, if there were allegations in the pleadings here to show the relationship of landlord and cropper, the executed waiver of the landlord's lien is an agreement that would alter his rights under Code § 61-502. In *Hanson v. Fletcher,* 183 *Ga.* 858 (190 S. E. 29), this court held that the landlord's right under the above Code section may be varied by special agreement. For the reasons above set forth, the petition was not subject to any of the grounds of the demurrer.

2. The answer of the defendant Trapnell contains no alle-

gations that would defeat the plaintiff's right to the relief sought. In that answer the landlord admits that he executed a waiver of all liens in favor of the lien of the petitioner, and yet the answer admits that the landlord has taken possession of the crops embraced in the petitioner's lien and converted them to his own use. The order of the judge recites that this defendant admitted in open court that the amount he received from the crops involved was more than sufficient to satisfy in full the petitioner's claim. The answer therefore constitutes no defense to the suit, and the court did not err in sustaining the demurrer thereto and dismissing the same.

*Judgment affirmed. All the Justices concur.*