## 70207. D. JACK DAVIS CORPORATION v. KARP.
### (333 SE2d 685)

BEASLEY, Judge.

Landlord corporation ("Davis") filed an application for a distress warrant on January 28, 1982, claiming that residential tenant Clemmons was indebted for $500 January rent. Defendant was served the next day and moved out shortly thereafter and then on February 5, after delivery of the keys to plaintiff or about February 2, filed his answer. He also filed a counterclaim seeking a refund of December rent ($300) because of constructive eviction plus $1,500, representing one-half the amount spent by himself as tenant for improvements. In March Davis amended the application (without affidavit) to add $500 rent each for February and March, bringing the total sought to $1,500. It also moved that defendant, who by then was no longer a tenant, post bond in that amount pursuant to Code Ann. § 61-411 (OCGA § 44-7-76). After hearing, the court ordered bond of $600 which was posted in cash in June. After the hearing plaintiff again amended the application, without affidavit, seeking an additional amount of $3,000 as value for missing furniture and furnishings and damage to the premises.

In the landlord's outline of issues attached to the pretrial order, it claimed an additional $500 rent for April, on the ground that the condition the premises was left in prevented Davis from rerenting it. This informal third amendment again was unsworn. According to tenant's outline of issues, he maintained the same position he had with his original answer and counterclaim.

At trial and after all the evidence was produced, the court directed a verdict for defendant, on his motion made at the end of plaintiff's case; it further directed a verdict for plaintiff, albeit on defendant's motion for a directed verdict, as to his counterclaim. Thus the parties were left where they stood, with only court costs going to plaintiff. The ruling on the landlord's later motion for new trial did not change the results. In the meantime, Clemmons had died, and his executrix was substituted as party defendant. The landlord alone appealed, so the proceedings only as to its distress warrant, and not as

to the counterclaim in which it prevailed, are before us for review. A number of errors have been enumerated and may be categorized as error in directing the verdict against it on its "complaint" for rent and damages, evidentiary errors, and error in overruling the motion for new trial.

1. Appellant first asserts that the court erred in directing a verdict against it.

OCGA § 9-11-50 (a) provides for the direction of a verdict "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict . . ." In *Thompson Enterprises v. Coskrey*, 168 Ga. App. 181, 185 (308 SE2d 399) (1983), it is stated: "The Supreme Court of this state has held that 'it is error to direct a verdict unless the evidence *demands* the particular verdict and fails to disclose *any* material issue for jury resolution' [Cits.]."

This was a proceeding brought pursuant to statute which allows a landlord to whom rent is due and unpaid (and/or whose tenant is about to remove his property, which was not the basis alleged here[1]) to distrain the tenant's personal property and subject it to levy and sale in order to satisfy the rent debt. OCGA § 44-7-70 et seq. (when plaintiff applied, Code Ann. § 61-401 et seq. were in effect). It can be filed together with an application for a dispossessory warrant, OCGA § 44-7-75 (e), but here the record does not show that this was done, and the tenant moved out immediately anyway, apparently in response to landlord's request for vacation of the premises by letter of January 20.

The basis for the warrant late in January was the sworn application that $500 rent was due. At trial it was shown conclusively that rent of $300 was tendered but rejected because the landlord had sent letters to the tenant increasing rent to $500 per month. The first letter, dated December 2, said the increase was effective "immediately." By letter of December 10, after some phone conversation, demand for possession of the premises or, in the alternative $500 rent, was made. Thereafter, rent of $300 was accepted for December, and landlord wrote on January 5 that rent was $500 effective January 1. Defendant insisted on 60 days' notice as to the rental increase. He tendered $300

---

[1] See *Cobb v. McCrary*, 152 Ga. App. 212 (3) (262 SE2d 538) (1979). There is criticism of this opinion in Dawkins, Landlord and Tenant, Breach and Remedies, The Law in Georgia, 1983 Supplement, § 6-3 fn. 2. However, there does not seem to be a discrepancy between the two code sections 70 and 71. Section 70 gives the landlord the *power* to distrain, i.e., levy or seize the tenant's property *as soon as* the rent is due. Section 71 merely allows the landlord to begin the process, by application, even if the rent is not yet due but the tenant is seeking to remove his property, so that by the time the rent is due and not paid, the levy can proceed. The application does not itself constitute a distraint but merely a lien. OCGA § 44-7-80.

for January, but landlord refused to accept it and sent it back on January 20 with a demand for immediate possession.

There was no rental agreement for this tenancy, and thus it was a tenancy at will, requiring sixty days' notice from the landlord or thirty days' notice from the tenant to terminate it. OCGA § 44-7-7 (formerly Code Ann. § 61-105). In effect, the rental increase would constitute a termination of the $300-per-month tenancy and commence a new tenancy for $500 plus the three months' security deposit which the landlord also demanded by the letter of December 10. See *Childrey v. Brantley*, 52 Ga. App. 146 (182 SE 675) (1935). Defendant did not have the 60 days' notice for the new tenancy to which he was entitled, and thus the landlord was without grounds to seek to distrain the tenant's property when the application was filed a few days before tenant moved out in response to the demand for possession. The correct amount of rent had been sent and returned, so plaintiff was not on solid ground when the sworn application was filed. "Tender of payment is equivalent to payment. [Cit.]." *Arnold v. Selman*, 83 Ga. App. 145, 149 (62 SE2d 915) (1951). See also 49 AmJur2d, Landlord and Tenant, § 754, second paragraph.[2] Consequently, a directed verdict as to it was mandated.

The attempts of the landlord to jerry the distraint proceeding by amendment into a general complaint for damages by way of lost February to April rent on account of the condition of the premises and for damage to the premises and missing furniture and fixtures were not authorized by law. Nowhere in the statutory distress warrant law is such an expansion embraced, and plaintiff cited no basis for it. Distraint upon the tenant's personal property is a method of assessing payment of rent while tenant is in possession of the landlord's premises, not a method for recovering other losses. *Jones v. Findley*, 84 Ga. 52, 53 (1) (10 SE 541) (1889); *Cranston & Alexander v. Rogers*, 83 Ga. 750 (10 SE 364) (1889); see also 52 CJS, § 676. As succinctly stated in Dawkins, Landlord & Tenant — Breach & Remedies, The Law in Ga., § 6-1: "Distraint may be described as a right vested in a landlord which allows the landlord to cause his tenant's property to be summarily seized to satisfy the rental obligation of the tenant." [OCGA § 44-14-341] gives a landlord a general lien on the leviable property of his tenant, and the method prescribed for enforcement of this lien is a distress proceeding pursuant to [OCGA § 44-7-70 et seq.]. The remedy of distraint is purely a creature of statute, and is subject to strict rules of construction."

Thus, the unsworn "amendments" to the affidavit were irrelevant

---

[2] Note that tender *after* service of the warrant, plus cost of the warrant, is also a complete defense by express provision in the statute. OCGA § 44-7-73.

as was the testimony in their regard. If the landlord desired to pursue these additional damages which it alleges it suffered after the tenant moved at the end of January, it should have filed and served a proper action. *Cranston & Alexander v. Rogers,* supra.

2. Enumerations of error numbered three and five relate to evidence concerning the additional damages claimed by the landlord which, as we have said, are not pursuable in a distress warrant proceeding. Thus, these evidentiary rulings made below need not be reviewed here.

3. Defendant wrote a letter on January 7, 1982 to plaintiff about occupancy, the rent, notice of increases, and repairs, stating in conclusion that he would be out by March. Plaintiff objected to defendant's testifying as to the contents of the letter on the ground that it was the highest and best evidence. Both parties had the letter; plaintiff had the original, which was not in court, and defendant had the copy he had made and retained. When defendant produced his copy in response to the first objection, plaintiff objected on the ground that it had not been listed in the pretrial order, and that is the ground he raises.

Although it is not listed, plaintiff called for it and thus can hardly complain when it was produced and introduced in direct response to his earlier objection. Moreover, plaintiff indicated no surprise, showed no prejudice, and the court has discretion to expand from the list of exhibits in the pretrial order. OCGA § 9-11-16. See discussion of pretrial procedures in *Ambler v. Archer,* 230 Ga. 281, 285-289 (1) (196 SE2d 858) (1973), and *Nat. Old Line Ins. Co. v. Lane,* 172 Ga. App. 519, 523 (5) (323 SE2d 707) (1984).

4. The error claimed with regard to defendant's failure to produce at trial his subpoenaed tax returns need not be reached because it is irrelevant on this appeal. The purpose of plaintiff's seeking these documents was to challenge defendant's counterclaim for improvements. Since plaintiff won the verdict on the counterclaim, a review of this question would be superfluous.

5. Plaintiff, on cross-examining defendant, wanted to elicit that defendant did not post the bond required by Code Ann. §§ 61-405 (d) and 61-404 (OCGA §§ 44-7-75 (d) and 44-7-76) before he removed his property from the premises, until several months later and after a motion was filed by plaintiff in that connection. After defendant had testified that he posted the bond sometime after he vacated the premises, and that he was not sure if it was a couple of months thereafter but that it would be of record, the court interrupted further questioning to ascertain relevancy. None being shown to the court's satisfaction, the court instructed counsel not to pursue the subject of when the bond was posted. We, too, fail to see the relevancy of this fact to the issues being tried by the jury. The purpose of the bond is to in-

sure the delivery of the property at the time and place of sale by the officer of the court in case the landlord obtains a judgment in the action. OCGA § 44-7-76. Posting it allows the tenant to remove or transfer or convey his property freely. Moreover, the witness had already testified that he could not recall the date it was posted, and plaintiff did not seek to introduce that date by way of its appearance in the record in the case.

6. Appellant complains that the court sustained defendant's objection to its introduction, during cross-examination of defendant, of a three-page document which defendant's counsel had never seen before. The ground of the objection was surprise. The document, which had not been listed in the pretrial order, is not in the record on appeal so we do not know its identity. This item of evidence was unlike that of the letter discussed above, in that opposing counsel knew of the letter and had the original. Here the court was acting within its discretion in adhering to the pretrial order's listing and in not allowing the document, unfamiliar to defendant's counsel, to be introduced, thus preserving the purpose of the pretrial listing, which is to prevent surprise and permit adequate and prior trial preparation by the opponent.

7. The ninth enumeration, which complains of the manner in which the court handled the motion for new trial, presents nothing for review. In addition, as we have shown, no new trial was warranted in that the issues raised here, which were also presented as grounds for new trial, afford no basis for resolution in plaintiff's favor.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 12, 1985.

*Barry Lane Fitzpatrick*, for appellant.
*Thomas Strickland, Robert E. Surrency, James W. Smith*, for appellee.