A92A2445. SOUTH CENTRAL FARM CREDIT et al. v. V. T. PROPERTIES, INC. et al.
(430 SE2d 645)

ANDREWS, Judge.

South Central Farm Credit (South Central) appeals the trial court's grant of summary judgment to V. T. Properties, Inc. on South Central's complaint seeking a distress warrant on crops pursuant to OCGA § 44-14-341.[1]

Viewed with all inferences in favor of South Central, the opponent of summary judgment, the undisputed material facts were that when Cardin purchased farmland from Williams in 1985, Cardin had assumed the Federal Land Bank of Columbia loan of Williams and the Land Bank held the deed to secure debt. South Central is the successor of the Federal Land Bank and assumed Cardin's deed to secure debt.

In May 1991, Cardin leased two tracts of farmland to V. T. Properties, Inc., owned by Womack. The first was signed on May 6, 1991 and involved two tracts of farmland. The second was signed on May 20, 1991 and was for 2,061 acres of cropland, including that farm purchased by Cardin from Williams. Each lease stated a rental of

---

[1] Although the court also granted summary judgment to Virgil Womack individually, that has not been appealed.

$70,000.

Cardin encountered financial difficulty, resulting in his filing for bankruptcy protection. He defaulted on his loan to South Central which foreclosed on the old Williams property and purchased it at sale on November 5, 1991.[2] On November 4, 1991, a complaint for distress warrant was filed seeking the $70,000 rent alleged due under the May 20, 1991 lease. While that complaint stated in its preface that it was filed by Cardin and South Central, counsel who prepared the complaint claimed representation only of South Central and Cardin never appeared in the proceedings except for being deposed as a witness.

A consent order was entered allowing the crops to be sold and $70,000 from the sale to be placed in escrow pending resolution of the claim.

1. The complaint claimed a lien on crops currently being harvested and stated that "Plaintiff's special lien for rent on crops grown on the farm lands has priority over the claims of [other defendant creditors]. OCGA § 44-14-341."

After V. T. and Womack answered alleging that South Central was not then nor ever had been their landlord, South Central filed an amendment to the complaint on November 25, 1991 alleging that it was the "assignee of rents" of Cardin.

OCGA § 44-14-341 provides that "[l]andlords shall have a special lien for rent on crops grown on land rented from them, which lien shall be superior to all other liens except liens for taxes. . . ." Title 44, Chapter 7, Article 4 sets out the procedures regarding distress warrants. Section 44-7-70 provides that "[t]he landlord shall have power to distrain for rent as soon as the same is due if the tenant is seeking to remove his property from the premises." The existence of the relationship of landlord and cropper is a prerequisite to enforcing such a lien. *Trapnell v. Swainsboro &c. Credit Assn.*, 208 Ga. 89, 92 (1) (65 SE2d 179) (1951).

"As succinctly stated in Dawkins, Landlord & Tenant — Breach & Remedies, The Law in Ga., § 6-1: 'Distraint may be described as a right vested in a landlord which allows the landlord to cause his tenant's property to be summarily seized to satisfy the rental obligation of the tenant.' (OCGA § 44-14-341) gives a landlord a general lien on the leviable property of his tenant, and the method prescribed for enforcement of this lien is a distress proceeding . . . . The remedy of distraint is purely a creature of statute, and is subject to strict rules of construction." *D. Jack Davis Corp. v. Karp*, 175 Ga. App. 482, 484 (1) (333 SE2d 685) (1985). There being no question that South Cen-

---

[2] South Central obtained the necessary lifting of the bankruptcy stay to foreclose.

298

tral was not the landlord of V. T. Properties at the time the crops were sought to be distrained, South Central had no standing to assert the lien provided by that statute. Its attempt to amend its complaint to add its claim as a result of its foreclosure was not authorized under the distress proceeding and did not serve to save the action. Id.

Summary judgment to V. T. Properties was appropriate.

2. Our ruling in Division 1 makes unnecessary consideration of the remaining enumerations.

*Judgment affirmed. Beasley, P. J., and Blackburn, J., concur. Birdsong, P. J., not participating.*

DECIDED MARCH 19, 1993 —
RECONSIDERATION DENIED MARCH 31, 1993 ▮▮▮▮▮▮▮

*Short, Fowler & Castellow, Lester M. Castellow*, for appellants.
*Allen, Kelley & Sowell, Roy B. Allen, Jr., Reinhardt, Whitley & Wilmot, Bob Reinhardt, Moore & Studstill, Daniel L. Studstill, Fred W. Rigdon, Jr.*, for appellees.