CASTLEBERRY, administrator, *v.* JOHNSTON.

| 92 | 499 |
| 94 | 668 |
| 92 | 499 |
| 97 | 460 |
| 92 | 499 |
| 98 | 511 |
| 92 | 499 |
| 119 | 38 |
| 92 | 499 |
| 124 | 894 |
| 92 | 499 |
| 126 | 274 |

According to the ruling of this court in *Lombard* v. *The Trustees, &c.,* 73 *Ga.* 322, the lien of a material man for lumber furnished upon the employment of a contractor, could not be foreclosed by a direct suit against the owner of the premises, without previously or concurrently suing the contractor to whom the lumber was furnished. Applying this ruling to the present case, the court was right in sustaining the demurrer to the declaration. If the contractor absconded and left this State, so that he could not be sued and served in the usual manner, the material man might foreclose his lien by resorting to equitable proceedings against the owner and the contractor jointly, serving the latter by publication. There would seem to be no obstacle to reaching a like result by attachment against the contractor and garnishment of the owner as a basis for a separate suit to foreclose the lien.

May 22, 1893.                          *Judgment affirmed.*

Petition to foreclose lien. Before Judge WESTMORELAND. City court of Atlanta. September term, 1892.

The administrator of M. T. Castleberry alleged by his petition: As such administrator he is a material man and as such claims a material man's lien against Johnston, and against certain described real estate of Johnston, for $65, the price and value of 10,000 brick sold and delivered by petitioner as administrator to Letchworth as contractor, who was building or improving a house for Johnston on the real estate mentioned, on August 11, 1890, and of which sale and delivery petitioner gave written notice to Johnston, in compliance with the law and for the purpose of binding him and the real estate for the cost of the brick. Johnston has not paid for the brick and had not settled with Letchworth when

he was served with the notice, but when so served was indebted to Letchworth for said improvement more than $65. Within three months after the delivery of the brick, petitioner filed and recorded his claim of lien against Johnston and the real estate. The petition alleged demand for payment and refusal to pay and the bringing of the suit within the time allowed by law, and asked for a judgment for the $65, and for foreclosure of the lien against the real estate. Attached as exhibits were copies of the notice to Johnston and of the claim of lien. Defendant demurred on the ground that Letchworth had not been sued to judgment or joined with defendant in this suit. Whereupon plaintiff offered the following amendment: Letchworth absconded from the county and State before he had concluded his work for Johnston, and before plaintiff had a reasonable opportunity to enter suit against him. His departure was sudden and his intention to leave unknown to plaintiff. He has never returned to Georgia, and has constantly since his departure been and is now beyond the jurisdiction of its courts. It has been and is impossible, therefore, to recover a judgment against him, and plaintiff's only remedy is against Johnston. Plaintiff had served Johnston with written notice of the existence of the debt sued for and of the fact that his real estate was liable for the debt and would be held liable, before Letchworth absconded, and while Johnston was indebted to Letchworth more than the amount of plaintiff's claim, so that Johnston knew of the existence of the debt sued for, and that plaintiff would look to him for it, when he was in a position to fully protect himself in the matter, and after the service of the notice and before the bringing of this suit and before Letchworth absconded, Johnston had paid to Letchworth the money in his hands due Letchworth, or more than enough of it to satisfy plaintiff's claim, in disregard of said notice. Letchworth left

no property in the county or State, subject to attachment or garnishment, when he absconded.

The demurrer was sustained, and plaintiff excepted.

ANDERSON & BIRNEY, for plaintiff.
MALCOLM JOHNSTON, for defendant.