## TATUM *v.* LEIGH.

1. Where a private corporation, owing a debt on which a suit is pending, ceases to carry on the corporate business and sells all of its property, and its officers, being its only stockholders, appropriate all of the pro-ceeds of sale to their individual use, thus leaving no other assets from which to pay the corporate debt; in an equitable suit by the creditor against the corporation and officers for the purpose of charging the latter as trustees and as liable for the debt, the corporation, upon facts as just stated, is to be regarded as in a state of insolvency.

2. Under facts as above enumerated, the officers of the corporation would be under duty to apply the proceeds of sale primarily to the payment of the debts of the corporation, and could not for their personal benefit lawfully apply such proceeds to the payment of existing debts owing to them individually, or give preference to existing debts which the corpo-

ration owed to other persons, and for which such officers were primarily liable, such payments or preferences not having been made in the performance of any agreement or understanding entered into at or prior to the time when the liabilities were incurred, or before the insolvency of the corporation. *Lowry Banking Co.* v. *Empire Lumber Co.*, 91 *Ga.* 624-30 et seq., and citations (17 S. E. 968); *Atlas Tack Co.* v. *Macon Hardware Co.*, 101 *Ga.* 391 (29 S. E. 27); *Crawford* v. *Roney*, 130 *Ga.* 515 (61 S. E. 117); 2 Cook on Stock & Stockholders (3d ed.), § 661; Olney *v.* Conanicut Land Co., 5 L. R. A. 361 (16 R. I. 597, 18 Atl. 181); Rouse *r.* Merchants Nat. Bank, 5 L. R. A. 378 (46 Ohio St. 493, 22 N. E. 293); Jones on Insolvent & Failing Corporations, §§ 126, 248.

3. After judgment in such a pending suit as mentioned in the first headnote, followed by due issuance of execution and entry of nulla bona thereon, a petition against the corporation and its officers in a court of equity, alleging the procurement of such a judgment and return of nulla bona on the execution, and other facts as specified in the first headnote, and further that the defendant officers had actual notice of the debt and pending suit at the time of sale, but nevertheless upon demand refused to pay the amount specified in the execution, and praying to charge the officers as trustees, and for a judgment against them individually for the amount of the debt, was not subject to general demurrer. In this connection see *Lamar* v. *Allison*, 101 *Ga.* 270 (28 S. E. 686).

4. A corporation by merely ceasing to exercise its franchise and selling all of its property does not cease to exist. *Lamar* v. *Allison*, supra; 1 Cook on Stock & Stockholders (3d ed.), § 631.

5. The venue of a suit of the character mentioned in the third headnote may be laid in the county of the residence of any one of the defendants against whom substantial relief is prayed; and the petition in the present case was not subject to the separate demurrer of one of the officers of the corporation, alleged to reside in a different county from that in which the suit was brought, which complained that the facts alleged showed that the court was without jurisdiction as to him.

6. An indebtedness of an officer of a private corporation, created by his misappropriation of the funds of such corporation, is not dischargeable in bankruptcy.

SEPTEMBER 22, 1911.

Complaint. Before Judge Parker. Glynn superior court. June 15, 1910.

*Perry, Foy & Monk,* for plaintiff in error. *R. D. Meader,* contra.

ATKINSON, J. 1-5. It is unnecessary to elaborate the rulings announced in headnotes one to five, inclusive.

6. J. W. Tatum, who was president of the corporation and one of the directors, filed a separate plea, admitting that half of the proceeds derived from the sale of all of the corporate property had been applied to the payment of notes due to the National

Bank of Brunswick, which he and his codefendant Abrams, who was a director and also the secretary and treasurer of the corporation, had made individually, and that the other half was applied to his own use, but setting up that the notes so held by the bank had been given for money borrowed on account, and expended for the use, of the corporation, and were entitled to be paid out of the funds of the corporation, and the other half of the funds which was so applied to his own use went in part payment of valid and existing debts which the corporation owed to him individually. At the trial, which was had at the June term, 1910, of the court, the defendant offered an amendment to his original plea, setting up, that on the 21st day of May, 1910, he had been duly adjudged a voluntary bankrupt in the district court, of the United States for the eastern division of the northern district of Alabama, and having been so adjudged he is now a bankrupt; that the time for making his application for discharge has not expired, and he intends in good faith, within the time provided by law, to make application for a discharge from all provable debts against him; that the debt sued upon in this case was contracted and became due before the filing of the petition and adjudication in bankruptcy; that the plaintiff was duly scheduled in bankruptcy as one of the unsecured creditors, and was given notice and had actual knowledge of the proceeding in bankruptcy; that his contemplated discharge, when granted, will release the defendant from all liability upon the indebtedness sued upon in this case; and thereupon he prayed that the suit be suspended and stayed until after adjudication or dismissal of his petition in bankruptcy, and until the question of the final discharge is determined, etc. Error is assigned upon the ruling of the judge disallowing this amendment. The question whether an indebtedness of an officer of a private corporation, created by his misappropriation of the funds of such corporation, is dischargeable in bankruptcy, is presented by an exception to the disallowance of an amendment to the plea of the defendant Tatum. An indebtedness created by misappropriation of the funds of a private corporation by a director, while acting in the capacity of president of such corporation, falls within the meaning of the bankruptcy act of July 1st, 1898, c. 541, § 17a (4), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), declaring that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts,

except such as . . (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity." It was held In Re Harper, 133 Fed. 970, that the word "officer," as used in § 17, cl. 4, included officers of private corporations. It was accordingly decided that an indebtedness created by the embezzlement and misappropriation of the funds of the bank by the debtor while acting in the capacity of vice-president of the bank, and having full control of its affairs, was one created by his fraud, embezzlement, and misappropriation while acting as an officer, and therefore was not dischargeable in bankruptcy. While the point as to whether he was acting in a fiduciary capacity, within the meaning of clause 4 of section 17a of the bankruptcy act, was discussed by the district judge, it was not adjudicated. On a review of this case by the Circuit Court of Appeals for the fourth circuit (Harper *v.* Rankin, 141 Fed. 626, 72 C. C. A. 320), the judgment rendered in the district court was affirmed upon the ground that the vice-president of the bank, in creating the indebtedness by his embezzlement and misappropriation of the funds of the bank, was acting in a fiduciary capacity within the meaning of section 17a, clause 4, of the bankruptcy act, the court stating that it did not deem it necessary to pass upon the point whether an officer of a private corporation came within the scope of the section and clause of the act referred to. A petition in the case to the Supreme Court of the United States, for a writ of certiorari to be directed to the Circuit Court of Appeals, was denied. Harper *v.* Rankin, 200 U. S. 621 (26 Sup. Ct. 758, 50 L. ed. 624). Therefore the judgment of the Circuit Court of Appeals was allowed to stand affirmed by the Supreme Court, but whether upon the point that the vice-president of the bank was an officer, as held by the district court, or whether he was acting in a fiduciary capacity, as held by the Circuit Court of Appeals, or whether upon both points, we are unable to ascertain. It is enough, however, for us to say that the denial by the Supreme Court of a writ of certiorari in the case, in view of the ruling sought to be reviewed, is decisive of the point involved in the case we have under consideration, that an indebtedness created by the president of a private corporation by his misappropriation of the funds of an insolvent private corporation in the payment of a debt due him by the corporation, made pending a suit by a cred-

itor of the corporation against it, is not dischargeable in bankruptcy. It was held In Re Gulick, 186 Fed. 350, by the district court of the United States for the southern district of New York, that officers of a private corporation, where they get control, with an attendant fiduciary obligation, of the property of the corporation, are "officers" within the meaning of sec. 17a (4) of the bankruptcy act of July 1st, 1898, exempting from discharge debts created by his misappropriation or defalcation while acting as an "officer." The ruling was based on the reasoning of Judge McDowell, In Re Harper, 133 Fed. 970. Under the admissions contained in the defendant's answer, and in view of the principles announced in the authorities cited to the second headnote, the defendant by applying the proceeds of sale to the payment of debts in the interest of himself, to the exclusion of the plaintiff, misappropriated the funds which were in his hands and held for the benefit of creditors.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*