COMMERCIAL INVESTMENT CO. *et al. v.* WILLIAMSON.

The petition, considered in its entirety, set forth a cause of action against the defendants, and the court did not err in overruling the general demurrer.

No. 747. SEPTEMBER 10, 1918.

Equitable petition. Before Judge Meldrim. Chatham superior court. November 19, 1917.

23

Williamson brought his action against the Commercial Investment Company and Max Wolf, wherein he sued for $1,000, which he claimed was due him under the following alleged state of facts: Through false and fraudulent representations of the named company the plaintiff paid to it $1,000 for the purchase-money of ten shares of preferred stock. The representations were that Messrs. H. P. Smart, W. W. Wilder, and W. G. Barnwell would probably arrange to take up the remainder of the present issue of preferred stock, and that the company would expect to select from among these gentlemen possibly two directors for the company. After plaintiff had paid in his money he discovered that Messrs. Smart, Wilder, and Barnwell had made no arrangement to take up any issue of preferred stock. Prior to March 18, 1914, M. E. Eberstein and Montgomery Amusement Company were owners of the Folly Theatre together with leases and agreements for lease relating to the property; and on March 18, 1914, the owners transferred all their interest in the Folly Theatre Company to the Commercial Investment Company. By virtue of said transfer the defendant company took over the Folly Theatre property, and subsequently thereto in connection with defendant Wolf began to operate the same. Wolf has had charge of the active management of the defendant company for about three years, and at the time of the filing of the petition was in possession of the charter and of its physical property. The Commercial Investment Company was insolvent. From February 1 to July 31, 1915, the net receipts of the defendant company were $1334, and for the period beginning August 1, 1915, to February 12, 1916, it had a net profit of $1445. Notwithstanding the Commercial Investment Company had been earning money it had refused to pay its debts. It had no tangible property. Wolf refused to pay the lease money for the Folly Theatre; instead of paying debts with the money earned by the Commercial Investment Company, Wolf had converted it to his own use. He had charge of the active management of the company for about three years, and is in possession of its charter, all of its rights, privileges, and franchises, its physical property, good will, and whatever else of value the company may have. In pursuance of a scheme to deprive petitioner and others of their just debts and to avoid the payment thereof, the defendant company and Wolf have failed and refused to pay the rent on the property occupied by the Folly Theatre, and by reason of an under-

standing existing between Wolf and the company they have failed and refused to pay certain sums as rental to the lessors of the property, as the result whereof the lessors have caused a distress warrant to be levied upon the property of the Commercial Investment Company for the purpose of collecting the rent; and because of the failure to pay the rent the lessors have caused to be served on Wolf and the defendant company a dispossessory warrant which the defendants are not resisting, and they are intending to permit the Commercial Investment Company to be dispossessed. Under the distress warrant the physical properties of the company have been levied upon. This property has been turned over to Wolf as custodian. It is the scheme and purpose of Wolf and the defendant company to permit the distress warrant to be levied, the property to be sold, and the company to be dispossessed, in order that the leases which the company now holds may be voided, and all of the right, title, and interest of the defendant company in the property may be conveyed to Wolf and be acquired by him. By amendment it was alleged, that after the filing of the original petition the property of the defendant company had been sold by the sheriff at public outcry to one Guckenheimer for the sum of $700.00; that Guckenheimer, in making the purchase and in acquiring the franchises, good will, and all appurtenances of the company, was acting for an association composed of himself, Wolf, and one Lucas, and in buying the property he bought principally for Wolf; that at the time of the purchase of the property Wolf and his associates were all advised of the pendency of petitioner's suit and of his claim against the defendant company and its property; that since the year 1914 Wolf has been in actual charge, direction, and control of the defendant company, and has been its actual head and responsible for the business done; that he originated the design of bringing about the sale of its properties and the acquisition of its physical property, franchises, and good will and business in such manner that he might acquire the same to the exclusion of all creditors; and that Wolf took from certain parties leases to property which had formerly been leased by the defendant company, and that he held them in trust for the company and its creditors. The prayer was that a receiver be appointed, that the plaintiff have judgment against the Commercial Investment Company for $1,000 and interest, and that Wolf be required to account for the money he had received from the company. In an amendment was

added a prayer for a judgment against Wolf for $1,000. The defendants jointly and severally filed their demurrer to the petition. The court refused to appoint a receiver, but overruled the general demurrer and refused to dismiss the petition. The defendants excepted.

*Hitch & Denmark* and *Osborne, Lawrence & Abrahams*, for plaintiffs in error. *Oliver & Oliver*, contra.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court properly overruled the general demurrer. The allegations of fraud upon the part of the company, whereby it obtained from the plaintiff the sum of one thousand dollars, were sufficient to show his right to recover as against the company. And if he had first brought suit against the company for the recovery of one thousand dollars, and had prosecuted his suit to judgment and caused execution to be issued on the judgment and a return of nulla bona to be entered, he would, upon the showing made as to the relationship between Wolf and the defendant company, and the fact that under a scheme to defraud the petitioner and the other creditors of the company all of the property of the company had passed into the control and possession of Wolf, and that he had obtained the title to the same in the prosecution of his scheme by bringing about the sale thereof under a distress warrant, then have had the right to proceed against Wolf under proper proceedings brought. See the case of *Tatum* v. *Leigh*, 136 *Ga.* 791 (72 S. E. 236, Ann. Cas. 1912D, 216), and the decisions there cited. That being true, it would seem that in this suit, the Commercial Investment Company being a party thereto and it being distinctly alleged that it is insolvent and has divested itself of all its property in the manner above indicated and passed it into the possession of the defendant Wolf, without circuity of action the plaintiff should now be allowed, upon proving his allegations, to have judgment against Wolf.

*Judgment affirmed. All the Justices concur.*