MILLERS NATIONAL INSURANCE CO. *v.* HATCHER.

No. 14246.   SEPTEMBER 15, 1942.

*Thomas A. Jacobs Jr.,* and *Thomas W. Johnson,* for plaintiff. *Harris, Russell, Weaver & Land,* for defendant.

GRICE, Justice. ■ A motion has been made to dismiss the writ of error, on the ground that no final judgment has been obtained in the court below, but that the suit is still pending against Piedmont Trading Company, a codefendant, its liability being dependent upon the liability of the codefendant Hatcher. Ordinarily where a petition is filed against several defendants, and a separate demurrer filed by one of them is sustained, this is such a final ruling as may be brought to the Supreme Court by the plaintiff while the case is still pending in the trial court as to the other defendant. *McGaughey* v. *Latham,* 63 *Ga.* 67 (2) ; *Kidd* v. *Finch,* 188 *Ga.* 492, 497 (4 S. E. 2d, 187). The instant case does not fall within the rule applied in *Johnson* v. *Motor Contract Co.,* 186 *Ga.* 466 (198 S. E. 59), since here the two defendants are not sued on a joint cause of action. The cause of action against Piedmont Trading Company, a corporation, is based on a note; that against Hatcher, the individual, is based on the theory that he, having converted to his own use the assets of the insolvent corporation, is liable as a trustee ex maleficio to the creditor of the company. The motion to dismiss is overruled.

■ The plaintiff alleges that it has against the Piedmont Trading Company a claim of something in excess of three hundred dollars, represented by a promissory note; that at the date of the note the maker had assets of not less than three thousand dollars, of which, it is alleged on information and belief, not less than twenty-five hundred dollars was fraudulently converted by Hatcher to his own use; and, on like information and belief, that the Trading Company still has assets of a face value of about five hundred dol-

lars, but of an actual value of fifty or seventy-five dollars. These allegations sufficiently allege insolvency of the original debtor, and state a case against Hatcher as a trustee ex maleficio. *Tatum* v. *Leigh,* 136 *Ga.* 791 (72 S. E. 236); *Smith Co.* v. *Austin Co.,* 143 *Ga.* 254 (84 S. E. 444). Petitioner does not allege that he has been informed and believes, but instead makes a positive allegation, although based on information and belief. *Nance* v. *Daniel,* 183 *Ga.* 538, 543 (189 S. E. 21); *Bowers* v. *Dolen,* 187 *Ga.* 653, 656 (1 S. E. 2d, 734). That the petition does not state that the suit is brought for the benefit of plaintiff and other creditors does not render it subject to the demurrer. It does not appear that there are other creditors. The plaintiff as a creditor, according to the allegations, has suffered an injury at the hands of the defendant, for which he is entitled to redress.

■ The demurrer raises the question of misjoinder of parties defendant, the insistence being that Hatcher is improperly joined with the Piedmont Trading Company, and that no reason is shown why they can be sued together, either at law or in equity. It is argued that a judgment can not be obtained against Hatcher as trustee ex maleficio until the creditor has first reduced to judgment his claim against the corporation and a return of nulla bona entered upon the execution issued thereon. The decision in *Lamar* v. *Allison,* 101 *Ga.* 270 (28 S. E. 686), does not so hold. That was a suit against the stockholders alone, the corporation not having been made a party, as in the instant case. The ruling there made must be applied with that situation in view. In the opinion it was said: "The corporation was not itself a party to this suit, and therefore it can never be judicially determined in this suit that there has been a breach of duty upon the part of the corporation toward this plaintiff. So, even if this action were maintainable at all, it could not be prosecuted to judgment without the corporation being made a party defendant." If in seeking to apply the principle announced in *Lamar* v. *Allison,* this court misapplied it in *Green* v. *Atlanta Barbers Supply Co.,* 169 *Ga.* 805 (151 S. E. 504), the decision in the latter case is not controlling here, for there the individuals sued were not alleged to be stockholders, nor was it a suit to charge them as trustees ex maleficio, there being no allegation that they had converted assets belonging to the corporation. It was a suit charging that they had conspired with the corporation

to defraud the plaintiff, in that they confederated to sell him worthless barber-shop equipment for which he made a cash payment and gave notes for the balance.  Nor is *Tatum* v. *Leigh,* supra, authority for the proposition that both could not be proceeded against in the same suit.  In that case the suit was against the corporation and its officers, for the purpose of charging the latter as trustees and as liable for the debt.

The petition was filed in a court of equity.  It prayed for equitable relief.  It has never been held that in a case such as this, one sought to be charged as trustee ex maleficio could not be sued until there had been in a previous suit a judgment against the original debtor.  No practical end would be served by such a requirement.  In other situations analogous to this it has been held that the creditor may pursue both in the same suit.  In *DeLacy* v. *Hurst,* 83 *Ga.* 223 (9 S. E. 1052), and the many cases following along the same line, this court held that the former rule that courts of equity would not entertain a bill as long as the plaintiff had a common-law remedy, and that he must allege and prove that he had sued on his claim to judgment and had an execution issued thereon, on which a return of nulla bona had been made by the sheriff, before equity would take jurisdiction and aid him by setting aside fraudulent conveyances, etc., has been abolished since the passage of the uniform-procedure act of 1887, which confers upon the superior courts jurisdiction to hear and determine all causes of action, legal or equitable, or both.

Under our materialmen's lien laws, before the lien can be enforced against the owner it is necessary that an action be commenced against the contractor for the amount of the claim, within a specified time.  Code, §§ 67-2001, 67-2002; *Southern Ry. Co.* v. *Crawford,* 46 *Ga. App.* 424 (167 S. E. 756); s. c. 178 *Ga.* 450 (173 S. E. 91).  And yet it was held that it was proper practice for one seeking to enforce against the owner of real estate a lien for labor and material, arising under the Code, § 67-2001, to join in his action the owner of the realty and the person who had contracted with the latter for the erection of the building thereon.  *Royal* v. *McPhail,* 97 *Ga.* 457 (25 S. E. 512); *Lombard* v. *Trustees,* 73 *Ga.* 322; *Castleberry* v. *Johnston,* 92 *Ga.* 499 (17 S. E. 772).  See *Baldwin* v. *Shields,* 134 *Ga.* 221 (67 S. E. 798).

The facts alleged do not bring the case within the principle an-

nounced in *Lenney* v. *Finley,* 118 *Ga.* 718 (45 S. E. 593), *Van Dyke* v. *Van Dyke,* 123 *Ga.* 686 (51 S. E. 582, 3 Ann. Cas. 978), *Pope* v. *Jennings,* 34 *Ga. App.* 496 (130 S. E. 348), and *Citizens National Bank* v. *Jennings,* 35 *Ga. App.* 553 (134 S. E. 114). Here no effort is made to hold a third party responsible as a principal on a note under seal not signed by him. The liability asserted against Hatcher does not arise out of the transaction for which the note was given, and no attempt is made to hold him as an undisclosed principal, as was true in the *Van Dyke* case, on which the defendant relies.

■ Nor is there merit in that ground of the demurrer based on the contention that the allegations construed most strongly against the pleader show that the plaintiff had a complete accounting with Piedmont Trading Company, and at the conclusion thereof accepted its note, which amounted to an accord and satisfaction. It does not appear that in taking the note it was expressly agreed that it amounted to a satisfaction; and this is necessary before it would amount to a satisfaction. Code, § 20-1201. It was an accord, but not a satisfaction. *Parker* v. *Pender,* 174 *Ga.* 579 (3) (163 S. E. 506); *Georgia National Bank* v. *Fry,* 32 *Ga. App.* 695 (2) (124 S. E. 542). An accord unexecuted will not suffice. *Redman* v. *Woods,* 42 *Ga. App.* 713 (157 S. E. 252).

■ There are no allegations on which to predicate a liability on the part of Hatcher for attorney's fees. He is not sued on a note containing an obligation to pay attorney's fees. The only notice of suit was one which stated that it would be brought to the December term, 1941, whereas it was filed to the February term, 1942. This was no compliance with the Code, § 20-506, even if it be assumed that the section is here applicable. No facts are averred which would otherwise render him liable for the attorney's fees. The demurrer, in so far as it attacked the claim for attorney's fees, was properly sustained; but since the petition in other respects stated a cause of action as to Hatcher, it was erroneous to dismiss the entire action as to him.

*Judgment reversed.* *All the Justices concur.*