18680.  TURNER *v.* TYSON.

SUBMITTED SEPTEMBER 13, 1954—DECIDED OCTOBER 11, 1954.

*Sullivan & Maner,* for plaintiff in error.

*Ralph L. Crawford,* contra.

WYATT, Presiding Justice. 1. "A petition in equity, in which a corporation and an individual are named as defendants, alleging that the plaintiff is a creditor of the corporation, which is now insolvent, and that the individual has converted to his own use assets of the corporation in excess of the amount of the plaintiff's claim, leaving no other assets sufficient in amount with which to pay the corporate debt, and which suit seeks to hold liable the individual as a trustee ex maleficio, states a cause of action." *Millers Nat. Ins. Co.* v. *Hatcher,* 194 *Ga.* 449 (2) (22 S. E. 2d 99). See also cases there cited.

It is contended by the plaintiff in error that the above-stated principle of law is not applicable in the present case for the reason, "It is necessary for the defendant in error to show in his petition that officers of the corporation, including the plaintiff in error had actual notice of the debt and that there was a pending suit by defendant against the corporation at the time of the sale of the corporate assets." *Tatum* v. *Leigh,* 136 *Ga.* 791 (72 S. E. 236, Ann. Cas. 1912D, 216), is relied upon as sustaining this position. That case does not so hold. The factual situation in the *Tatum* case was as the plaintiff in error contends it must be. While the facts in that case were as it is contended they must be, the decision nowhere says that these facts must exist.

In the instant case, it is alleged that, when the assets of the corporation were sold and the proceeds of the sale converted to his own use by Turner, the president and principal, if not sole owner of the stock in the corporation, the corporation on that date ceased to engage in business. It follows, the indebtedness upon which judgment was later obtained had to be in existence at the time of the sale. Certainly, under the facts alleged in this petition, Turner was charged with knowledge of the indebtedness of the corporation. It is not necessary, under these facts, that a suit be actually pending against a corporation at the time its assets are converted to his own use by the president and principal stockholder of the corporation in order to render the president personally liable.

2. It is contended by the plaintiff in error that the petition does not allege as a fact that Turner converted the assets of the corporation to his own use, but only that the plaintiff in the court below believes that he did so. *Nance* v. *Daniel*, 183 *Ga.* 538 (189 S. E. 21); *Bowers* v. *Dolen*, 187 *Ga.* 653 (1 S. E. 2d 734); *Millers Nat. Ins. Co.* v. *Hatcher*, 194 *Ga.* 449, supra, and other cases, holding in effect that the pleader must allege the fact on information and belief and not that he is informed and believes that the fact exists, are relied upon by the plaintiff in error to sustain him in this position. Conceding, but not holding, that this principle of law is applicable under the peculiar facts of this case, the pleading in the instant case is not subject to this criticism. While it is true the paragraph of the petition dealing with this question begins with the allegation, "Your petitioner believes . . .", nevertheless, later in the same paragraph the following allegation appears, "the said Robert L. Turner, having appropriated said corporate assets to his own use." Under the facts of this case, we construe this to be a positive allegation.

It appears from what has been said above, it was not error to overrule the general demurrer.

*Judgment affirmed. All the Justices concur.*