## 42009. JOHNSON v. LIPTON et al.
### (328 SE2d 533)

MARSHALL, Presiding Justice.

The plaintiff, Robert E. Johnson, Jr., filed this complaint against Oxylance Corporation; Richard J. Lipton and George H. Lipton, who are Oxylance's officers and shareholders; and others. In the complaint, the plaintiff alleges that in 1978 he entered into an employment agreement with Oxylance under which he served as president of the Tower Pipe and Steel Division of Oxylance until his employment was terminated in 1983. The plaintiff further alleges that under this agreement Oxylance was to pay him, in addition to his salary, an annual bonus equal to 25% of the Tower Pipe and Steel Division's net profits before taxes; however, no bonuses have been paid to him since 1980, although he was allowed to take advances against his bonuses until his termination. In this suit, the plaintiff seeks to recover the net bonuses due him.

The plaintiff also argues that defendants Richard and George

Lipton have consistently siphoned off large sums of money from Oxylance for their own personal use, and that some of these funds have been used to purchase various parcels of real estate. The plaintiff thus seeks to pierce the corporate veil and hold these defendants personally liable to him. In this connection, the plaintiff filed a notice of lis pendens against the parcels of real estate alleged to have been purchased by these defendants with corporate funds.

The plaintiff testified in his deposition that, during the term of his employment with Oxylance, the company had insufficient cash to pay its debts; however, when questioned as to whether Oxylance had sufficient assets to pay his bonus, he responded, "I think so." The fact that the company has sufficient assets to pay the plaintiff's claim is also demonstrated by the company's financial statements, which have been certified by outside auditors.[1]

The defendants filed a motion for partial summary judgment, requesting that the notice of lis pendens filed by the plaintiff be canceled in that he is not entitled to any relief against the subject real estate. The trial court granted the motion for partial summary judgment, and the plaintiff appeals.

1. In *Emhart Corp. v. McLarty*, 226 Ga. 621, 623 (176 SE2d 698) (1970), it was held, "Under decisions exemplified by *Tatum v. Leigh*, 136 Ga. 791 (72 SE 236, AC 1912D 216), an action will lie against the stockholders of a corporation where they have disposed of the corporate assets and appropriated the same to their individual use thus leaving no other assets from which to pay corporate debts. Under such decision a necessary prerequisite to an action against the stockholders is the obtaining of a judgment against the corporation and the return of nulla bona on the execution." *Turner v. Tyson*, 211 Ga. 53, 54 (84 SE2d 86) (1954), holds, " 'A petition in equity, in which a corporation and an individual are named as defendants, alleging that the plaintiff is a creditor of the corporation, which is now insolvent, and that the individual has converted to his own use assets of the corporation in excess of the amount of the plaintiff's claim, leaving no other assets sufficient in amount with which to pay the corporate debt, and which suit seeks to hold liable the individual as a trustee ex maleficio, states a cause of action.' *Miller's Nat. Ins. Co. v. Hatcher*, 194 Ga. 449 (2) (22 SE2d 99). See also cases there cited."[2]

---

[1] The financial statements show that the company's assets exceed its liabilities by more than the amount of the plaintiff's claim, and that the company has sufficient retained earnings to pay the claim.

[2] It would thus appear as though the line of cases represented by *Turner v. Tyson*, supra, do not require a creditor of the corporation to obtain a judgment before holding individual shareholders liable on a corporate claim because of misappropriation of corporate assets. However, a reading of *Turner* shows that the plaintiff there had recovered a judgment. The plaintiff in *Miller*, which was relied on in *Turner*, had not recovered a judgment; however,

It can thus be seen that both of these lines of cases require, as a precondition to a plaintiff's piercing the corporate veil and holding individual shareholders liable on a corporate claim, that there be insolvency on the part of the corporation in the sense that there are insufficient corporate assets to satisfy the plaintiff's claim. Here, it is unquestioned that the corporation does have sufficient assets, though probably not cash on hand, to pay the plaintiff's claim. Consequently, the trial court did not err in canceling the notice of lis pendens.

2. For the reasons given immediately above, the properties which are the subject of the lis pendens cannot be "directly involved" in this suit. Therefore, the canceling of the notice of lis pendens was mandated by the terms of the lis pendens statute. *Evans v. Fulton Nat. Mtg. Corp.*, 168 Ga. App. 600 (309 SE2d 884) (1983) and cits.

The order granting the motion for partial summary judgment, thereby canceling the notice of lis pendens, is affirmed.

*Judgment affirmed. All the Justices concur, except Hill, C. J., who concurs in the judgment only.*

DECIDED APRIL 16, 1985 —
REHEARING DENIED MAY 10, 1985.

*Donner, Brown & Morrison, R. Jeffrey Morrison, Fortson & White, Andrew J. Hinton, Jr., David H. Bedingfield,* for appellant.
*Arnall, Golden & Gregory, Charles L. Gregory, Theodore H. Lackland,* for appellees.

---

the shareholder's motion to dismiss on that ground was not addressed by this court because of pre-CPA procedural technicalities. See *Miller,* supra, 194 Ga. at p. 441 (1).