## A01A1844. ISHAK v. LANIER CONTRACTORS SUPPLY, INC.
### (561 SE2d 883)

PHIPPS, Judge.

Lanier Contractors Supply, Inc. (Lanier), a building supply company, provided home construction materials to two corporate home builders, Ovel Development Company (ODC) and Ovel Enterprises, Inc. (OEC). Because payment was not made for materials supplied, Lanier sued ODC, OEC, and several home buyers on open account and for foreclosure of materialmen's liens.

Lanier added Itimar Kleinberger (president and sole shareholder of ODC and OEC) and Anosh Ishak (vice president and sole employee of ODC) as defendants and charged them with liability for the corporations' debts under the theory of "piercing the corporate veil." Following a nonjury trial, the court granted Lanier the relief sought against the individual defendants and awarded attorney fees to Lanier under OCGA § 13-6-11. Ishak appeals. He contends that piercing the corporate veil was not authorized, and he complains of the amount of the fee award. Finding no error or abuse of discretion by the trial court, we affirm.

1. "The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetrate fraud or to evade contractual or tort responsibility."[1]

> In order to disregard the corporate entity because a corporation is a mere alter ego or business conduit of a person, it should have been used as a subterfuge so that to observe it would work an injustice. To prevail based upon this theory it is necessary to show that the shareholders disregarded the corporate entity and made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist.[2]

---

[1] (Citation and punctuation omitted.) *Fuda v. Kroen*, 204 Ga. App. 836, 837 (1) (420 SE2d 767) (1992).

[2] (Citations and punctuation omitted.) *Summit-Top Dev. v. Williamson Constr.*, 203 Ga. App. 460, 463 (3) (416 SE2d 889) (1992).

"There must be evidence of abuse of the corporate form."[3] "The evidence must be such that to adhere to the doctrine of corporate entity would promote injustice or protect fraud."[4]

Testimony given by a former officer and employee of ODC, along with supporting documentation, showed that during the pendency of this litigation Ishak conveyed one of the corporation's primary assets to himself without payment of adequate consideration to the corporation and appropriated corporate funds to his own personal use. The trial court could interpret this evidence as establishing that Ishak abused the corporate form, disregarded the corporate entity, and made the corporation a mere instrumentality for transacting his own affairs.[5] The evidence also authorized the court to find that corporate assets were siphoned into the pockets of both Kleinberger and Ishak, leaving the corporation without means to pay its debts. Where those who own or control a corporation have brought about such a unity of interest and ownership as between themselves and the corporation, the unpaid corporate creditor may look to them for satisfaction of the corporation's debts.[6]

2. Ishak argues that attorney fees should not have been awarded under OCGA § 13-6-11 because there was a bona fide controversy between Lanier and ODC as to amounts due for material delivered. Ishak also claims that the fee was awarded in an amount not supported by the evidence. We disagree.

OCGA § 13-6-11 authorizes a jury to award expenses of litigation "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. . . ." In this case, there is evidence that ODC acted in bad faith by automatically discontinuing all payments to Lanier for materials supplied upon the filing of a materialmen's lien, even though some payment was indisputably due. Moreover, Ishak caused Lanier unnecessary trouble and expense by helping strip the corporation of assets after suit was filed. The court based the amount of the fee award on documentation showing the tasks performed by counsel and the hourly charge, together with expert testimony concerning the reasonableness of the overall fee. The weight to be given this evidence was a matter for the trial court to determine. The fee awarded was authorized by the evidence.

---

[3] (Citations omitted.) *Soerries v. Dancause*, 248 Ga. App. 374, 375 (546 SE2d 356) (2001).

[4] (Citations and punctuation omitted.) *NEC Technologies v. Nelson*, 267 Ga. 390, 397 (5) (478 SE2d 769) (1996).

[5] See id.; *J-Mart Jewelry Outlets v. Standard Design*, 218 Ga. App. 459, 460 (1) (462 SE2d 406) (1995).

[6] See *Summit-Top Dev.*, supra; see also *Johnson v. Lipton*, 254 Ga. 326 (328 SE2d 533) (1985).

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED MARCH 13, 2002.

*Ronald K. Woods*, for appellant.
*Miles, McGoff & Moore, Dana B. Miles*, for appellee.