595 S.E.2d 596 (2004)
265 Ga. App. 753
HARDWICK
v.
WILLIAMS.
No. A04A0250.
Court of Appeals of Georgia.
February 20, 2004.
*597 Bobby Hardwick, pro se, Augusta.
Bell & Bell Associates, David B. Bell, Sharon B. Enoch, Augusta, for Appellee.
JOHNSON, Presiding Judge.
Bobby Hardwick's wife of 30 years died as a result of a cancer-related condition. On the day of her death, John Williams, Hardwick's father-in-law, allegedly made a verbal promise to give Hardwick $3,000 of a life insurance policy over which he had control to help defray burial costs. Williams denies having made such a promise. When Williams subsequently refused to turn over the money, Hardwick filed the present pro se action, suing Williams for both compensatory and punitive damages.
Williams filed a motion for summary judgment. The trial court granted Williams' motion as to the issue of punitive and consequential damages, but found that a jury issue existed regarding whether the parties entered into an agreement concerning the disposition of the life insurance proceeds. Hardwick appeals, alleging the trial court erred in granting summary judgment on his punitive and consequential damages claims. We find no error.
In the argument in support of his appellate brief, Hardwick alleges that because of Williams' refusal to pay him the $3,000, his wife's body was "locked away" from him for four days. As a result, Hardwick contends he has "not been able to sleep, or hold down a job due to the emotional distress suffered by him." "Because [Hardwick's] claims for mental pain and suffering are not pecuniary damages, they cannot be recovered pursuant to [his] contract claims."[1] Moreover, it is well established that punitive damages are not recoverable in actions for breach of contract.[2] The trial court did not err by granting summary judgment on the punitive and consequential damages claims.
Judgment affirmed.
SMITH, C.J., and PHIPPS, J., concur.
NOTES
[1] Bauer v. N. Fulton Med. Center, 241 Ga.App. 568, 572(3)(b), 527 S.E.2d 240 (1999); see also Cheeley v. Henderson, 197 Ga.App. 543, 547(2), 398 S.E.2d 787 (1990) (where only cause of action was suit on contract, court properly entered summary judgment on prayer for mental distress damages), rev'd on other grounds, 261 Ga. 498, 405 S.E.2d 865 (1991); Rogers v. Ga. Ports Auth., 183 Ga.App. 325, 329(3), 358 S.E.2d 855 (1987) (damages for mental pain and suffering are not compensable in a contract action in the absence of fraud).
[2] OCGA §§ 13-6-10; 51-12-5.1; Trust Co. Bank v. C & S Trust Co., 260 Ga. 124, 126(1), 390 S.E.2d 589 (1990); McDuffie v. Argroves, 230 Ga.App. 723, 726(3), 497 S.E.2d 5 (1998).