Toni PERRY, Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA and Unumprovident
Corporation, Defendants.

No. CIV.A. 104CV1954BBM.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 11, 2005.

Pamela I. Atkins, Galler & Atkins, LLC, Atlanta, GA, for plaintiff.

Elizabeth Bondurant and Nikole Crow of Carter & Ansley, LLP, Atlanta, GA, for UnumProvident Corp.

### *ORDER*

MARTIN, District Judge.

This matter is before the court on the Motion to Dismiss [Doc. No. 4] filed by defendant UnumProvident Corporation ("UnumProvident").

## I. Factual and Procedural Background[1]

Plaintiff Toni Perry ("Perry") has sued UnumProvident and its subsidiary, Unum Life Insurance Company ("Unum Life"), for claims arising out of the alleged wrongful denial of Perry's disability benefits. Specifically, Perry's claims relate to Unum Life disability policy No. 546511 001 (the "Policy"), issued to the Atlanta Board of Education. As a teacher employed by the Atlanta Board of Education, Perry was covered under the Policy.

According to the Complaint, Perry suffered from multiple sclerosis and diabetes prior to August 10, 2000; however, on or about August 10, 2000, Perry's treating physicians determined that Perry's condition had worsened so that, among other things, she needed frequent rest periods; she could not walk for long periods of time; and she was advised to perform only sedentary activity. The treating physicians also determined that Perry's condition was not likely to improve in any area due to the nature of multiple sclerosis. Perry thus submitted a claim for long-term disability benefits pursuant to the Policy, and according to the Complaint, the "Defendants" approved Perry's long-term disability claim from February 6, 2001 to October 18, 2001. However, on or about October 18, 2001, Unum Life denied Perry's continuation of benefits, allegedly stating that Unum Life's "medical staff ha[d] reviewed the additional medical [sic] and concluded that there is no objective medical evidence to support total disability." Perry alleges that the failure to continue long-term disability payments was "wrong and without substantial evidentiary support."

The Complaint is comprised of five counts. Count I is for breach of contract under O.C.G.A. § 9-2-20, and seeks to hold Unum Life and UnumProvident liable for breaching the Policy by discontinuing Perry's long-term disability benefits while she continued to meet the Policy's definition of disability. Count II is for tortious interference with contractual relations, for UnumProvident having allegedly wrongfully caused Unum Life to breach the Policy. Count III is for punitive damages under O.C.G.A. § 51-12-5.1 for UnumProvident's alleged wrongful interference with the Policy. Count IV alleges that "UnumProvi-

---

**1.** The court makes no factual findings at this stage of the proceedings, and instead accepts the plaintiff's version of the facts as true.

dent engaged in a Joint Venture with Unum Life and UnumProvident is the Alter Ego of Unum Life." [2] Finally, Count V seeks to recover attorney's fees and litigation expenses pursuant to O.C.G.A. §§ 9–15–14 and 13–6–11.

UnumProvident asks the court to dismiss each count of the Complaint against it. As for Count I, UnumProvident argues that the general rule is that a breach of contract claim may only be brought against a party to the contract, and additionally, as a matter of law, Perry has failed to allege facts upon which the court can pierce the corporate veil and hold UnumProvident responsible for Unum Life's alleged breach of the Policy. UnumProvident argues that Count II fails to state a claim upon which relief can be granted because as a matter of law, UnumProvident is not a "stranger" to the contracts of Unum Life (its subsidiary), and UnumProvident must be a "stranger" to a contract before it can tortiously interfere with that contract. UnumProvident further argues that Count III fails to state a claim because of the well-established rule that punitive damages are not available for contract claims, and because Count II, the only tort claim in the Complaint, itself fails as a matter of law. Count IV, as discussed *supra* at note 2, fails to state an independent claim upon which relief can be granted and is accordingly DISMISSED as to both UnumProvident and Unum Life. Finally, UnumProvident argues that Count V fails to state a claim because the exclusive remedy under Georgia law for failure to pay insurance benefits is O.C.G.A. § 33–4–6, and further, because all of Perry's other (underlying) claims fail as a matter of law

against UnumProvident. The court addresses each count of the Complaint in turn.

## II. Legal Standard

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court takes "the facts alleged in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Jackson v. Birmingham Bd. of Educ.*, 309 F.3d 1333, 1335 (11th Cir.2002). In order to prevail on a motion to dismiss, the movant must demonstrate " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir.1998) (citation omitted).

## III. Analysis

### A. Breach of Contract

It is undisputed that UnumProvident is "not a party to the Policy" and Perry does not allege that there is privity of contract between UnumProvident, Unum Life, and/or Perry. Under Georgia law, the "cardinal rule ... is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders." *Amason v. Whitehead*, 186 Ga.App. 320, 322, 367 S.E.2d 107, 108 (1988). Moreover, as a general matter, a breach of contract claim may only be maintained against a party to the contract. "An insurance contract is no exception to this general rule." *Equitable Fire Ins. Co. v. Jefferson Standard Life Ins. Co.*, 26 Ga.App. 241, 243, 105 S.E. 818, 819 (1921).

2. The court notes that there is no independent cause of action in Georgia for "engaging in a joint venture" or "acting as an alter ego." Perry's response to the Motion to Dismiss clarifies Perry's allegations in this regard: Perry claims that UnumProvident and Unum Life were in a joint venture/alter ego relation-

ship, and accordingly, UnumProvident is liable for Unum Life's breach of contract under Count I. The court addresses this argument in its discussion of Count I, *infra*. However, because Count IV in and of itself fails to state a claim upon which relief can be granted, Count IV is DISMISSED as to both parties.

Nevertheless, Perry seeks to "pierce the corporate veil" and hold UnumProvident liable for breach of the Policy. It is true that " 'upon equitable principles the legal entity of a corporation may be disregarded.' " *Amason*, 186 Ga.App. at 321, 367 S.E.2d at 108 (citation omitted). However, " 'great caution should be exercised by the court in doing so,' " and "[t]here must be evidence of abuse of the corporate form." *Id.* at 321–22, 367 S.E.2d at 108 (citation omitted).

In *Johnson v. Lipton*, 254 Ga. 326, 328 S.E.2d 533 (1985), the Georgia Supreme Court reconciled two separate lines of cases on the issue of corporate veil-piercing, and stated that

> both of these lines of cases require, as a *precondition* to a plaintiff's piercing the corporate veil and holding individual shareholders liable on a corporate claim, that there be *insolvency on the part of the corporation* in the sense that there are insufficient corporate assets to satisfy the plaintiff's claim.

254 Ga. at 328, 328 S.E.2d at 535 (emphasis added). Here, Perry does not allege that Unum Life has insufficient assets to satisfy any claim that she might successfully maintain for breach of the Policy, and in her response to UnumProvident's Motion to Dismiss, Perry does not contest UnumProvident's assertion that Unum Life in fact has such assets. Accordingly, pursuant to *Johnson*, Perry cannot pierce the corporate veil and hold UnumProvident liable under an "alter ego" theory for the alleged breach of the Policy. *Id.; see also Amason*, 186 Ga.App. at 322, 367 S.E.2d at 109 (declining to pierce corporate veil where there was "not even a showing of corporate insolvency at the time of the transaction," although there was a showing of corporate insolvency at the time of trial).[3]

**B. Tortious Interference With Contractual Relations**

 In addition to her allegation that UnumProvident is liable as an "alter ego" of Unum Life for breach of the Policy, Perry also alleges (in the alternative) that UnumProvident intentionally interfered with the Policy and induced Unum Life to breach it. "Parties to a contract have a property right therein with which a third party cannot interfere without legal justification or privilege, and a party injured by another's wrongful interference may seek compensation in tort." *Atlanta Market Ctr. Mgmt. Co. v. McLane*, 269 Ga. 604, 608, 503 S.E.2d 278, 282 (1998). To prevail on a claim for tortious interference with contract, a plaintiff must show "the existence of a valid contract and that the defendant acted intentionally, without privilege or legal justification, to induce another not to enter into or continue a business relationship with the plaintiff, thereby causing the plaintiff financial injury." *Id.* However, "it is *essential* to a claim of tortious interference with contractual relations that the plaintiff establish that the defendant is a 'third party,' i.e., a 'stranger' to the contract with which the defendant allegedly interfered." *Id.* (emphasis added). "One is not a stranger to the contract just because one is not a party to the contract." *Id.* In fact, "for a defendant to be liable for tortious interference with contractual relations, the defendant must be a stranger to both the contract *and* the business relationship giving rise to and underpinning the contract." *Id.* at

---

**3.** Perry directs the court's attention to various cases wherein UnumProvident unsuccessfully argued that it should not be liable as a matter of law under a veil-piercing theory for its subsidiaries' alleged breaches of disability contracts. However, none of those cases are from Georgia courts or from courts within the Eleventh Circuit, and thus the "precondition" requirement found in *Johnson* was not applicable.

609, 503 S.E.2d at 283. In *Atlanta Market,* reconciling two separate lines of Court of Appeals cases, the Georgia Supreme Court expressly "endorse[d] the ... line of cases which, ... reduce the number of entities against which a claim of tortious interference with contract may be maintained."[4] *Id.* at 610, 503 S.E.2d at 283.

Accordingly, in the aftermath of *Atlanta Market,* it has been held "as a matter of law" that "a parent corporation cannot be a stranger to its subsidiaries' business or contractual relations, and that no claim can be sustained against a parent for tortious interference with such relations." *In re Hercules Auto. Prods.,* 245 B.R. 903, 910 (Bartcy.M.D.Ga.1999)[5]; *see also Dalton Diversified, Inc. v. AmSouth Bank,* 270 Ga.App. 203, 605 S.E.2d 892, 897 (2004) ("Where a defendant has a financial interest in one of the parties to the contract or in the contract, the defendant is not a stranger to the contract or business relationship, even though it is not a signatory to the contract."). Here, it is undisputed that UnumProvident is the parent of Unum Life. Accordingly, Perry cannot sustain her claim for tortious interference with contractual relations.

### C. Punitive Damages

Perry correctly acknowledges that the only basis in her Complaint for punitive damages is her claim for tortious interference with contractual relations. Since Perry's claim for tortious interference with contractual relations fails as a matter of law, Perry's claim for punitive damages likewise must be dismissed for failure to state a claim. *See also Hardwick v. Williams,* 265 Ga.App. 753, 753, 595 S.E.2d 596, 597 (2004) ("[I]t is well established that punitive damages are not recoverable in actions for breach of contract."); O.C.G.A. § 1 3–6–10 ("Unless otherwise provided by law, exemplary damages shall never be allowed in cases arising on contracts.").

### D. Attorney's Fees and Expenses

As discussed *supra,* the Complaint fails to state any underlying claim upon which relief can be granted to Perry against UnumProvident. Accordingly, Perry is not entitled to recover attorney's fees or expenses of litigation from UnumProvident.

### IV. Summary

For the foregoing reasons, UnumProvident's Motion to Dismiss [Doc. No. 4] is GRANTED. UnumProvident is hereby DISMISSED from this case. Additionally, Counts II, III, and IV of the Complaint are also DISMISSED as to Unum Life.

---

4. It is worth noting that the Georgia Supreme Court also expressly "disapproved" of "[a]ny statements or holdings to the contrary," including those found in *Sunamerica Financial v. 260 Peachtree St.,* 202 Ga.App. 790, 415 S.E.2d 677 (1992) that are relied upon by Perry. *See Atlanta Market,* 269 Ga. at 610, 503 S.E.2d at 284.

5. Perry briefly attempts to distinguish *In re Hercules Auto. Prods.* by asserting that the "subsidiary corporation [therein] 'was created and operated' as a subsidiary of the parent corporation," whereas here there are "[n]o such allegations." The court does not view the distinction as persuasive, to the extent that there is any distinction to be made. The defendants in *In re Hercules Auto. Prods.* included the parent company that had specifically established the subsidiary for its own business operations, *as well as* several other, less-clearly-connected-to-the-subsidiary parent companies. The *In re Hercules Auto. Prods,* court nevertheless held as a matter of law that *all* the organizations comprising the business "conglomerate" at issue could not be held liable for tortious interference with contractual relations. 245 B.R. at 910–11.