**SECOND DIVISION**
**MARKLE,**
**LAND and DAVIS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 6, 2025**

# In the Court of Appeals of Georgia

A24A1217. JUNIOR v. GRAHAM.

LAND, Judge.

Pursuant to Georgia's offer-of-settlement statute (OCGA § 9-11-68), plaintiff Joao Junior offered to settle his negligence claim against defendant Sharon Graham for $600,000. After Graham rejected this offer, a jury awarded Junior $3 million in compensatory damages. The jury also found that because Graham had acted in bad faith in the underlying incident, Junior was entitled to attorney fees and costs under OCGA § 13-6-11, which the trial court later awarded in a sum of over $1.25 million. Junior then filed a motion for additional attorney fees under OCGA § 9-11-68, seeking an amount based in part on his 40% contingency fee agreement with trial counsel. The trial court initially denied this motion on the ground that it would constitute a double

recovery, but that decision was reversed by the Supreme Court of Georgia.[1] On remand and after an evidentiary hearing, the trial court awarded Junior approximately $424,000 in attorney fees and costs. On this appeal, Junior argues that the trial court applied the incorrect standard and abused its discretion in making this award. We find no error and affirm.

Georgia's offer-of-settlement statute, OCGA § 9-11-68, provides in relevant part:

> (b) (2) If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, [as here,] the plaintiff shall be entitled to recover *reasonable attorney's fees and expenses of litigation incurred by the plaintiff* or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.

(Emphasis supplied.) Although the parties dispute the standard of our appellate review, it is well settled: where, as here, "the reasonableness of fees and costs is a

---

[1] See *Junior v. Graham*, 357 Ga. App. 815, 817-818 (849 SE2d 536) (2020), reversed, *Junior v. Graham*, 313 Ga. 420, 428 (2) (c) (870 SE2d 378) (2022); *Junior v. Graham*, 366 Ga. App. 330, 330-331 (882 SE2d 648) (2022) (adopting Supreme Court's opinion and remanding for trial court's reconsideration of Junior's motion for attorney fees and litigation expenses under OCGA § 9-11- 68 (b) (2)).

matter within the trial court's discretion, the appellate court will not interfere with the decision of the trial court unless there has been an abuse of that discretion." *Simmons v. Cmty. Renewal and Redemption, LLC*, 286 Ga. 6, 9 (4) (685 SE2d 75) (2020) (affirming special master fee award under OCGA § 23-3-68, which authorizes a trial court to "fix a reasonable compensation"). See also *Cajun Contractors, Inc. v. Peachtree Property Sub, LLC*, 360 Ga. App. 390, 402 (2) (861 SE2d 222) (2021) ("We review a trial court's determination as to the amount of fees to be awarded [under OCGA § 9-11-68] only for an abuse of discretion").

As relevant to this appeal, the record shows that on remand, Junior presented evidence including (1) testimony from his trial counsel as to the usual and customary use of a 40% contingency fee agreement in personal injury cases such as this one, its provision for a fee of $950 per hour if the case terminated before recovery, and the firm's decision not to keep track of lawyers' time spent on such cases; (2) an authenticated document showing that the case file consisted of 116 gigabytes of data containing 12,728 unique electronic files; (3) counsel's estimate that he and his firm had expended "several thousand hours" on the case, including expert depositions and mock trials; and (4) testimony from other trial lawyers about counsel's work for them

at rates of at least $5,000 per hour. In response, Graham presented testimony from her own expert in litigation expenses and fees that Junior's case would not have taken several thousand hours, but only 800, at a reasonable rate of $495 an hour, amounting to a total fee of approximately $396,000. A second defense expert opined that a percentage rate has "nothing to do with establishing what a 'reasonable attorney fee' is under our statutory provisions," and went on to testify that the "top" rate for Atlanta trial lawyers would be $1,200 per hour.

The trial court entered an order granting Junior's motion, but only in the amount of $424,036.46, or approximately 20% of the amount recovered. The trial court held that a contingency percentage alone "does not necessarily bear any relation to the amount of work actually expended in the case between the time of the settlement rejection and judgment" and further held that Junior's estimate of "several thousand hours" spent, supported by the generation of 12,000 electronic files generated, was "too imprecise to determine what [fees] were reasonably expended during the relevant period." As a result, and because it "[did] not find a reasonable basis for an award" in Junior's evidence, the trial court substantially adopted Graham's evidence, including an estimate of 780 hours at a rate of $495 an hour, to

make an award of $386,100 in attorney fees and $37,936.46 in undisputed costs. This appeal followed.

As our Supreme Court has made clear, a contingency fee agreement is one, but only one, of a number of relevant factors for a trial court to consider in making (or declining to make) an award under OCGA § 9-11-68:

> It is well-settled that an award of attorney fees is to be determined upon evidence of the *reasonable value of the professional services which underlie the claim* for attorney fees. . . . "A court *may* consider a contingent fee agreement and the amount it would have generated as evidence of usual and customary fees in determining both the reasonableness and the amount of an award of attorney fees. When a party seeks fees based on a contingent fee agreement, however, *the party must show that the contingency fee percentage was a usual or customary fee for such case and that the contingency fee was a valid indicator of the value of the professional services rendered. In addition, the party seeking fees must also introduce evidence of hours, rates, or some other indication of the value of the professional services actually rendered.*"

(Citation omitted; emphasis supplied.) *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 483 (3) (759 SE2d 804) (2014), quoting *Brock Built, LLC v. Blake*, 316 Ga. App. 710, 714-715 (730 SE2d 180) (2012).

The above language shows that Graham's second expert was incorrect to assert that a percentage specified in a contingency fee agreement has "nothing to do" with proving a proper and reasonable fee under OCGA § 9-11-68: on the contrary, a trial court "may" consider such an agreement and its result "as evidence of usual and customary fees." However, the trial court may not consider the contingency fee agreement in a vacuum without the consideration of other evidence. As held by our Supreme Court, when a party seeks to recover fees based on a contingent fee agreement, "the party seeking fees must also introduce evidence of hours, rates, or some other indication of the value of the professional services actually rendered." See, e.g., *Couch*, 295 Ga. at 483 (3) (trial court erred in considering only a contingency fee agreement, and not also other evidence, in calculating a OCGA § 9-11-68 award). It is the trial judge's function, not ours, to weigh that evidence and exercise its discretion as to what is a reasonable fee. In doing so, "a trial court is authorized to assess an award representing the reasonable value of the attorney's services rendered and is not limited strictly to the amount that the attorney actually billed to his client." *Barnwell v. Trivedi*, 370 Ga. App. 522, 527 (898 SE2d 250) (2024).

In an effort to avoid the deferential standard of review required on appeal, Junior argues that because he "incurred" more than $2 million in fees and expenses, OCGA § 9-11-68 (b) (2), and because there was evidence that these fees and expenses were reasonable, the trial court was bound by these numbers and should have awarded them. This argument ignores the fact that the trial court sat as the trier of fact on this motion and was entitled to weigh the evidence and to reject "the opinion of an attorney regarding the reasonableness and value of his own fees." *Legacy Academy, Inc. v. Doles-Smith Enterprises, Inc.*, 337 Ga. App. 575, 584 (3) (789 SE2d 194) (2016). Junior's argument is also contrary to the well-established rule that "[t]he weight to be given" to each part of the evidence before the trial court, including the "tasks performed by counsel and [his] hourly charge" as well as "expert testimony concerning the reasonableness of the overall fee," is "a matter for [that] court to determine." *Ishak v. Lanier Contractor's Supply Co.,* 254 Ga. App. 237, 238 (561 SE2d 883) (2002). In short, the award of attorney's fees and expenses was for the trial court to make based on its assessment of the evidence presented to it, and it was not bound to accept the fees agreed to by Junior in his contract with his attorneys.

7

Were we to trade places with the trial judge and sit as the trier of fact, we may very well have weighed the evidence differently and reached a different outcome. But, that is not our job, and we lack the authority to substitute our judgment for that of the trial court. The trial court was entitled to credit, as it did here, Graham's evidence rather than Junior's evidence. It was entitled to discount, as it did here, Junior's reliance on his contingency fee agreement, his counsel's testimony about the work put into this case, and the other evidence he presented as to the reasonableness of the contingent fee. While this evidence may have supported a different outcome had the trial court accepted it as a reliable indicator of the value of the fees incurred, *Couch*, 295 Ga. at 483 (3), the trial court chose not to accept it, finding that neither the agreement itself nor counsel's and other expert testimony as to hours, rates, and work generated provided "a reasonable basis" for the amount sought. Because this finding was supported by some evidence, it was not an abuse of discretion, and we affirm. See *Cajun Contractors*, 360 Ga. App. at 408 (2) (c) (affirming trial court's award of fees under OCGA § 9-11-68 when the amount was reduced from that owed under the contingency fee agreement but still "within the range of the evidence"); *Khalia, Inc. v. Rosebud*, 353 Ga. App. 350, 356 (3) (836 SE2d 840) (2019) (physical precedent only)

(affirming a trial court's award of fees under OCGA § 9-11-68 when there was "some evidence" before the court to support that award, even though it was substantially less than the amount provided in the plaintiff's contingency fee agreement).

*Judgment affirmed. Markle and Davis, JJ., concur.*